FRED L. CRESSEY *vs.* ERIE RAILROAD CO.

Middlesex.     October 8, 1931. — February 29, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Jurisdiction.   Constitutional Law,* Interstate commerce, Due process of law.

An action of contract or tort begun by trustee process could be maintained in this Commonwealth by a resident of the Commonwealth against a foreign railroad corporation having no agent nor place of business within the Commonwealth to recover the value of a carload of hay alleged to have been sold wrongfully and against the rights of the plaintiff by the defendant to pay freight and demurrage charges, where no service of process was made within the Commonwealth upon the defendant or upon any of its officers but a Massachusetts corporation having a usual place of business here was summoned as trustee and an effectual attachment was made of money of the defendant in its hands to the amount of $500, although the funds thus attached arose out of interstate commerce transactions and balances, the contract upon which the plaintiff's cause of action was based was made in the State of New York, the cause of action arose in the State of Georgia, and to try the case in this Commonwealth would necessarily entail the absence from their duties of employees of the defendant and of connecting carriers for prolonged periods, whereas, if the case were tried in the jurisdiction where the cause of action arose or where the defendant had a usual place of business, it would be no hardship on the defendant, nor interfere with the efficiency and operation of its railroad.

The maintenance of such an action in this Commonwealth did not constitute an unreasonable burden upon interstate commerce.

The right and convenience of the plaintiff to maintain the action above described in the courts of his domicil outweighed the inconvenience to interstate commerce which might result from the presentation by the defendant of its defence in the courts of this Commonwealth.

CONTRACT OR TORT.  Writ in the Third District Court of Eastern Middlesex dated September 20, 1927.

The pleadings are described in the opinion.  A motion by the defendant to dismiss the action was heard by *Walcott*, J., and was denied.  A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*F. H. Harding, Jr.*, for the defendant.

*H. C. Dunbar*, for the plaintiff.

RUGG, C.J.  The plaintiff is and has been at all times here material a resident of this Commonwealth.  The defendant is a foreign corporation, having no agent nor place of business within the Commonwealth.  The action is in contract to recover the value of a car of hay alleged to have been sold wrongfully and against the rights of the plaintiff by the defendant to pay freight and demurrage charges.  The defendant appeared specially and filed a motion to dismiss the action on the ground that the court had no jurisdiction over it.  The facts set forth in the motion, accepted as true for the purpose of the hearing, are these in substance:  No service of process has been made within the Commonwealth on the defendant or any of its officers.  The Boston and Maine Railroad was summoned as trustee in the writ and an effectual attachment was made of money of the defendant in its hands to the amount of $500.  Those funds arose out of interstate commerce transactions and balances.  The plaintiff's action was brought in the county where the attachment was made.  The contract out of which the plaintiff's cause of action arises was made in New York, and the cause of action arose in Georgia.  To try the case in this Commonwealth would necessarily entail the absence from their duties of employees of the defendant and of connecting carriers

for prolonged periods, whereas, if the case were tried in the jurisdiction where the cause of action arose or where the defendant has a usual place of business, it would be no hardship on the defendant, nor interfere with the efficiency and operation of its railroad. The conclusion urged is that the action is an unreasonable burden on interstate commerce, that the statute allowing the attachment of property in this Commonwealth is void so far as applicable to this case, and that therefore the court is without jurisdiction.

The action was brought under G. L. c. 227, § 1. It is there provided in substance that a personal action may be maintained against a nonresident not served with process, provided an effectual attachment of his property within the Commonwealth has been made upon the original writ, but the judgment shall be valid only to secure the application of the property so attached to the satisfaction of the judgment. *Lowrie* v. *Castle,* 198 Mass. 82, 89. *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14. The attachment was made pursuant to G. L. c. 246, §§ 1, 4. *Koontz* v. *Baltimore & Ohio Railroad,* 220 Mass. 285, 288. It has not been argued that there has been any failure to comply with all provisions of our statutes. That is conceded so far as concerns the questions here raised by the form and substance of the motion filed by the defendant.

The defendant states at the outset of its brief that the validity of G. L. c. 246, § 1, is not being attacked but that its contention is that said section interferes unreasonably with the commerce clause of the Constitution of the United States, or U. S. Rev. Sts. § 5268 [5258?], or the interstate commerce act, 24 U. S. Sts. at Large, 379. The defendant, however, makes no further reference to these statutes of the United States. Its arguments are based exclusively on the contention that it would be an undue and therefore unlawful burden on interstate commerce to require the defendant to defend this action in the courts of this Commonwealth.

The question to be decided touches interstate commerce. Therefore resort must be had to decisions by the Supreme Court of the United States for the governing principles,

so far as they can there be found. The defendant relies
mainly upon several of the recent adjudications of that
court. In *Davis* v. *Farmers Co-operative Equity Co.* 262
U. S. 312, action was brought by a resident of Kansas in
the courts of Minnesota on a cause of action in no way
connected with Minnesota, which arose in Kansas against
an interstate carrier incorporated under the laws of Kansas,
not owning or operating any railroad in Minnesota but
maintaining there an agent for solicitation of traffic. A
statute of Minnesota authorized service on such an agent.
It was held that the action could not be maintained because
it would be an undue burden upon interstate commerce.
As indicating that the decision was confined to the facts of
the case, it there was said, pages 316, 317: "The fact that
the business carried on by a corporation is entirely inter-
state in character does not render the corporation immune
from the ordinary process of the courts of a State. *In-
ternational Harvester Co.* v. *Kentucky*, 234 U. S. 579. The
requirements of orderly, effective administration of justice
are paramount. . . . It may be that a statute like that here
assailed would be valid although applied to suits in which
the cause of action arose elsewhere, if the transaction out
of which it arose had been entered upon within the State,
or if the plaintiff was, when it arose, a resident of the State.
. . . But orderly, effective administration of justice clearly
does not require that a foreign carrier shall submit to a suit
in a State in which the cause of action did not arise, in
which the transaction giving rise to it was not entered
upon, in which the carrier neither owns nor operates a
railroad, and in which the plaintiff does not reside." In
*Atchison, Topeka & Santa Fé Railway* v. *Wells*, 265 U. S.
101, a citizen and resident of another State attempted to
prosecute in Texas a cause of action which arose elsewhere
against an interstate carrier, incorporated under the laws
of still another State, not operating nor owning a railroad
in Texas and not consenting to be sued there, jurisdiction
being sought on the ground of property and funds of the
carrier garnisheed in Texas. It was held that the mainte-
nance of an action in those circumstances would be an undue

burden upon interstate commerce. In *Michigan Central Railroad* v. *Mix*, 278 U. S. 492, the railroad was incorporated in Michigan; no part of its line ran into Missouri; it did not do business there, and had not consented to be sued there; the cause of action arose in Michigan because of the death of a resident of that State in the employ of the railroad corporation; the widow of the decedent removed to Missouri, was there appointed administratrix of the estate of her deceased husband, and brought action against the railroad corporation in Missouri. It was said that the widow "had become a resident in Missouri after the injury complained of, but before instituting the action. For aught that appears her removal to St. Louis shortly after the accident was solely for the purpose of bringing the suit; and because she was advised that her chances of recovery would be better there than they would be in Michigan. The mere fact that she had acquired a residence within Missouri before commencing the action does not make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a State remote from that in which the accident occurred and in which both parties resided at the time." This case was followed in *Denver & Rio Grande Western Railroad* v. *Terte*, 284 U. S. 284, where similar facts were presented. See *Thurman* v. *Chicago, Milwaukee & St. Paul Railway*, 254 Mass. 569.

We think that the case at bar differs from all those decisions in the material fact that here the plaintiff was at the time of his initial transaction with the defendant, and at all times since has been, a resident of this Commonwealth. He has made no removal of residence since his original contract with the defendant, and has not sought relief in the courts of any foreign jurisdiction. He is asking redress for his grievance in the courts of the State where he has continuously resided.

The plaintiff relies upon certain other Federal decisions. In *Davis* v. *Cleveland, Cincinnati, Chicago & St. Louis Railway*, 217 U. S. 157, the cause of action, which was to recover damages for causing the death of the plaintiff's

testator, arose in Illinois; the defendant was incorporated under the laws of Indiana and Ohio and did business in those States and in Illinois, but did not do business in Iowa; the plaintiff as executor was a resident of Iowa and brought action in the courts of the State of his residence and attached cars of the defendant used in interstate commerce and garnisheed moneys due to the defendant under interstate commerce. The decision of the court was confined to holding that the cars attached and the amounts due from the garnisheed companies were not exempt from attachment by reason of interstate commerce. It was said at page 179: "The State may pass laws enforcing the rights of a citizen which affect interstate commerce, but fall short of regulating such commerce in the sense in which the Constitution gives exclusive jurisdiction to Congress . . . . The interference with interstate commerce by the enforcement of the attachment laws of a State must not be exaggerated. It can only be occasional and temporary." The facts in this case appear to be quite similar to those in the case at bar. But the decision does not seem to be decisive of all the present issues for the reason that the point that the trial of the case might be an undue burden upon interstate commerce was not raised, or touched upon in the opinion. The controversy there was confined to points to which the decision, as already stated, was confined. That decision is authority to the effect that the attachment by trustee process of funds of the defendant in the case at bar was valid · and does not unduly burden interstate commerce. It goes no further. But it follows from that adjudication that the validity of our statute permitting such attachment is not open to successful attack. In *St. Louis, Brownsville & Mexico Railway* v. *Taylor*, 266 U. S. 200, 207, the plaintiff consignee had a usual place of business in Missouri and sought to enforce a cause of action for damages to freight originating on lines of the defendant in Texas and shipped on through bills of lading to points in other States; the defendant was a Texas corporation operating its railroad solely in that State, with no place of business in Missouri; "the shipment out of which the cause of

action arose was of goods deliverable in Missouri; and, for aught that appears, the negligence complained of occurred within Missouri. To require that, under such circumstances, the foreign carrier shall submit to suit within a State to whose jurisdiction it would otherwise be amenable by process of attachment does not unreasonably burden interstate commerce." While this is a close approach in its facts to the case at bar, it is different to the extent that the goods shipped were to be delivered and the breach of duty at the basis of the action may have occurred in the State of the residence of the plaintiff. In *Hoffman* v. *Foraker*, 274 U. S. 21, the plaintiff resided in Kansas, where the accident occurred and where the railroad corporation might have been sued, but action was brought against the railroad corporation in Missouri, where it was incorporated and did business. It was held that the action might be maintained notwithstanding the burden to the interstate commerce of the railroad corporation which would be caused by bringing to Missouri eleven of its employees resident in Kansas as witnesses in its behalf. That is exactly the converse of the case at bar. The plaintiff, a nonresident having a cause of action which arose in the State of his own domicil, where he might have sued the defendant, brought his action in the State of the domicil of the defendant. In the case at bar the plaintiff brings his action in the State of his own domicil, in preference to seeking the courts of the domicil of the defendant, to get redress on a transitory cause of action which arose in a jurisdiction different from that of the domicil of either the plaintiff or the defendant. This case was followed with respect to similar facts concerning the Atchison, Topeka & Santa Fé Railway Company, one of the parties in *Denver & Rio Grande Western Railroad* v. *Terte*, 284 U. S. 284.

It seems to us from this review that no decision of the United States Supreme Court is on all fours with the case at bar.

The precise question to be determined is whether it constitutes an unreasonable burden upon interstate commerce to require a nonresident railroad corporation engaged in

interstate commerce, having no place of business and not owning or operating a railroad within the Commonwealth, to defend an action brought in the courts of the jurisdiction of his continuous residence by an inhabitant of this Commonwealth upon a transitory or personal cause of action which arose in another State by reason of a contract made in still another State. The cause of action on its merits does not appear to involve questions of extreme intricacy or great magnitude as to law or facts. It relates only to the performance of a contract of carriage of a carload of merchandise in interstate commerce. In general the decision of the issues would not seem to depend upon peculiarities of local law or inquiries into a complicated series of events which, in order to reach a just result, may be better conducted in one jurisdiction than in another. The problem is to balance the interests of individuals in enforcement of private rights, on the one side, against the interests of the public as a whole in untrammeled and efficient interstate transportation, on the other side. The plaintiff as a resident of this Commonwealth may invoke the right secured to him by art. 11 of the Declaration of Rights of the Constitution to the effect that he "ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character." If compelled to resort to the courts of another jurisdiction, it may be that he would be under the added burden of there furnishing an indorser for costs as a condition precedent to the bringing of his action. See G. L. c. 231, § 42; *Keown* v. *Hughes,* 233 Mass. 1, 5. The defendant urges that the public welfare ought not to suffer because it will be hindered in its operation and hampered in its activities as a common carrier engaged in interstate commerce by being compelled to conduct its defence at a distance in a foreign jurisdiction.

In general one has a right to seek redress of his grievances in the forum of his domicil, provided the courts of his domicil can secure jurisdiction over his adversary. The plaintiff is not making use of the courts of his domicil to secure

any advantage over the defendant. The maintenance of his action in our courts will not cause any greater interference with interstate commerce than was held to be permissible in *Hoffman* v. *Foraker*, 274 U. S. 21, where the plaintiff left the State of his own domicil, in which the cause of action arose, to bring suit in the State of the domicil of the defendant, to the inconvenience of the latter. We think that the trend of the decisions already reviewed favors the contention of the plaintiff. This conclusion finds support in the decisions of some inferior Federal courts. *Maverick Mills* v. *Davis*, 294 Fed. Rep. 404. *Griffin* v. *Seaboard Air Line Railway*, 28 Fed. Rep. (2d) 998; *S. C.* 38 Fed. Rep. (2d) 98. It is in accord with *Reynolds* v. *Missouri, Kansas & Texas Railway*, 228 Mass. 584, 588. *Martin* v. *West*, 222 U. S. 191.

On principle, we think that the right and convenience of the plaintiff to maintain the action in the courts of his domicil outweigh the inconvenience to interstate commerce which may result from the presentation of its defence in the courts of this Commonwealth by the defendant. The plaintiff's cause of action against the defendant is his property. In appropriate instances he would have the right to invoke for the protection of that property the guarantees of arts. 5 and 14 of the Amendments to the Constitution of the United States. *Forbes Pioneer Boat Line* v. *Board of Commissioners*, 258 U. S. 338, 340. To compel him to leave the courts of his domicil, where he has secured by attachment property of the defendant and thus to that extent jurisdiction over the defendant, to go to a foreign State to prosecute that cause of action with the added expense and inconvenience, savors of deprivation of property without due process of law. These factors in conceivable cases might be such an obstacle to a plaintiff as to prevent any attempt to enforce his cause of action. While not theoretically taken away, the cause of action might be so hedged with burdens touching its enforcement as to render it practically much reduced in value. As was said in a somewhat analogous connection in *Railroad Co.* v. *Harris*, 12 Wall. 65, at page 84, "In many instances the cost of the remedy" would largely exceed "the

value of its fruits. . . . The result would be, to a large extent, immunity from all legal responsibility." The inconveniences to the defendant likely to ensue from defence of the plaintiff's cause of action in this jurisdiction are not minimized. They do not on this record appear to be excessive, or unusual, or unduly burdensome. They do not seem to us of such nature as to overcome or render inapplicable the general rule that one has a right to enforce his cause of action in the courts of his domicil to the extent that he is able to obtain jurisdiction over the property of his adversary. Accepting the test that the "requirements of orderly, effective administration of justice are paramount" (262 U. S. 316), we think that the plaintiff is entitled to prosecute the present action.

The defendant, by way of argument, impugns the motive of the plaintiff in seeking to enforce here a cause of action which arose in Georgia, because it invites a settlement rather than a trial. The cause of action, however, is not local but transitory. It can in general be prosecuted in whatever jurisdiction the defendant may be found. This argument seems to us fully met by the suggestion that, if the contention of the defendant is sustained, the plaintiff and others in like situation well may be deterred by the prospect of heavy expense from undertaking to go to the State of the domicil, or of the place of business, of the defendant to seek redress for his grievance, and that as a consequence just claims might not be pressed, the care of interstate carriers for merchandise shipments of small value might be relaxed, and there would result distrust on the part of the general public. Such consequences would interfere with interstate transportation in its broader aspects. These arguments and considerations do not move us one way or the other. Those which can be put forward in behalf of the plaintiff impress us as being as weighty as those urged by the defendant.

*Order dismissing report affirmed.*