## MOMAND v. PARAMOUNT PICTURES DISTRIBUTING CO., Inc., et al.

### No. 6943.

District Court, D. Massachusetts.

April 23, 1937.

George S. Ryan, of Boston, Mass., for plaintiff.

Edward F. McClennen and Jacob J. Kaplan, both of Boston, Mass., for defendants.

BREWSTER, District Judge.

This action at law is brought under the provisions of the Anti-Trust Law for threefold damages (15 U.S.C.A. § 15) against nine defendants, producers and distributors of motion picture films. Eight defendants have moved that the court "decline to permit the prosecution of this action in this Court."

The anti-trust statutes expressly confer upon the plaintiff a right to sue in any District Court where the defendants reside or are found or have an agent (15 U.S.C.A. § 15) and extend to her the privilege of choosing the venue for her action from any district wherein the defendants may be found, or transact business (15 U.S.C.A. § 22). There can be no warrant for dismissing the action for want of jurisdiction.

■ The question presented by defendants' motion is whether the court has any discretionary power to refuse to retain jurisdiction of an action brought under the anti-trust statutes by a citizen of the United States.

The question was argued upon the pleadings and affidavits, from which it appears that in December, 1935, the plaintiff brought a suit in equity in the District Court for the Western District of Oklahoma, seeking injunctive relief (15 U.S.C.A. § 26) against five of the nine defendants named in the law action in this court.

The acts complained of in both cases are of substantially the same character. In the law action here, the plaintiff is seeking damages for alleged unlawful acts beginning in 1931. In the equity suit she seeks relief against threatened loss aris-

ing from an alleged unlawful conspiracy entered into by the defendants named in that suit.

It can be found that it will be more convenient and less expensive for the parties to have the legality of defendants' acts determined in the Oklahoma courts. One of the defendants, named in the action here, could not be sued in the Oklahoma court.

On these facts it is doubtful whether, if the court has any discretionary power, it would be held a proper exercise of that power to grant the motion, in view of the fact, that the plaintiff cannot, in her equity proceedings, recover threefold damages. Fleitmann v. Welsbach Street Lighting Company, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505.

There is no such identity of defendants nor of remedies as to justify this court in refusing to entertain the action. Whether the fact that the issues of fact involved in the two suits may be somewhat identical would justify the court in ordering a stay of proceedings here, is a question not presented by the motion.

After careful consideration of the defendants' brief and cases cited, I am unable to find any support for the proposition that this court has even discretionary powers in the premises. The federal cases cited hold that admiralty courts may refuse to take jurisdiction of suits by nonresidents if the balance of convenience favors a foreign tribunal. Canada Malting Co., Ltd., v. Paterson S. S., Ltd., 285 U.S. '413, 52 S.Ct. 413, 76 L.Ed. 837; United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske, etc., Line (C.C.A.) 65 F.(2d) 392.

There is an intimation in the last-cited case that, had a nonresident sued at law, he might have found that the exercise of the jurisdiction was discretionary. Such discretion may be exercised in the case of a resident who sued—not in his own right but rather to enforce the rights of a nonresident. United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske, etc., Line, supra.; Universal Adjustment Corporation v. Midland Bank, Ltd., 281 Mass. 303, 184 N.E. 152, 157, 87 A.L.R. 1407.

In both of these cases it is possible to find language which strongly indicates that there would be no such discretion if a resident plaintiff were seeking to enforce rights personal to him.

In United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske, etc., Line, supra, the court made this observation: "But the libellant is a citizen and asserts its absolute privilege of resort to its own courts, independently of any inconvenience to the respondent. How far such inconvenience can be recognized, depends upon the local procedure which at times does indeed protect a non-resident from local suit. Courts are maintained to give redress primarily to their own citizens; it is enough if these conform to the conditions set upon their jurisdiction. All this is entirely true, and would be conclusive, if the libellant sued in its own right."

Universal Adjustment Corporation v. Midland Bank, supra, was a case where a Massachusetts corporation, organized for the purpose of acquiring choses in action against nonresident alien corporations, sought to enforce rights of its assignor which were to be determined by foreign laws. The court there held that the doctrine of forum non conveniens was properly applied in the discretion of the court. In the opinion, however, it was stated that: "There are cases holding that in general residents of a State may resort to its courts *as of right* to enforce obligations personal to themselves arising in either tort or contract against non-residents, provided jurisdiction over them can be obtained. Peters v. Equitable Life Assurance Co., 196 Mass. 143, 81 N.E. 964; Cressey v. Erie Railroad Co., 278 Mass. 284, 291, 180 N.E. 160; Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N.Y. 152, 139 N.E. 223, 32 A.L.R. 1." (Italics supplied.)

In the case at bar, a citizen of the United States is invoking the jurisdiction of the federal courts to enforce in her own right a remedy given to her by acts of Congress. These statutes expressly confer upon the court jurisdiction to entertain such a suit and give to the plaintiff a choice of districts in which to sue. Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Haskell v. Aluminum Co. of America (D.C.) 14 F.(2d) 864.

This is a very different situation from those considered by the court in the cases cited by the defendant.

To grant defendants' motion would, in effect, be to hold that inasmuch as the plaintiff has elected to proceed in equity under section 26, Title 15 of U.S.C.A., against five of the defendants, she can be compelled by this court to resort to the same jurisdiction in an action at law under section 15 of the same title. I do not find anything in the federal statutes, or in the adjudication, which suggests that the court has any such discretionary power, or any such control over the plaintiff's remedy.

The plaintiff had an undoubted right under the statute to invoke the jurisdiction of this court, ·and this court is bound to take the case and proceed to judgment. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257; Kline et al. v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L. Ed. 226, 24 A.L.R. 1077; Southern California Telephone Co. v. Hopkins (C.C. A.) 13 F.(2d) 814.

■ The facts that it may be more convenient to parties and will avoid protracted litigation in this court if this case is tried in Oklahoma are circumstances which do not make the jurisdiction of this court dependent upon the exercise of a discretion.

Defendants' motion is denied.