ALMA STEIN *vs.* CANADIAN PACIFIC STEAMSHIPS LTD.

SAME *vs.* CANADIAN PACIFIC RAILWAY COMPANY.

Suffolk.   December 8, 1936. — November 30, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Pleading, Civil,* Character of pleading.  *Jurisdiction,* Foreign corporation, Nonresident defendant.  *Corporation,* Foreign, Officers and agents. *Agency,* What constitutes.  *Interstate Commerce.*

A pleading entitled a "motion to dismiss" an action at law was treated by this court as an answer in abatement because it had been disposed of on facts found by the trial judge on evidence and had been so treated by the judge and the parties.

Activities in the Commonwealth of one advertised by a foreign steamship corporation as its "general agent" required rulings that the corporation was doing business in the Commonwealth and that service of process, in an action here against the corporation, upon such general agent as one in charge of its business was sufficient to subject it to the jurisdiction of the court under G. L. (Ter. Ed.) c. 223, §§ 37, 38.

Maintenance in this Commonwealth of an action by a resident here against a foreign steamship corporation upon a cause of action arising outside the Commonwealth and in the course of interstate or foreign commerce carried on by the defendant did not place any unreasonable burden upon that commerce.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated September 20 and October 15, 1935, respectively.

In each action the defendant filed a motion entitled "Motion to Dismiss," alleged to be "based on the records herein," one ground of which was that it was a "foreign corporation and as such is subject to be sued only under" § 1 of c. 227 or § 38 of c. 223 of G. L. (Ter. Ed.), and that it did not appear that the plaintiff had complied with the provisions of those sections.

The defendant in the first action also filed an "Answer in Abatement" on the ground that at the time of service it was not subject to process here.

There was a hearing before *Walsh,* J., which he stated was on "a motion to dismiss" and he set forth findings

which he stated were made "from the evidence"; and allowed the motion to dismiss "in each case." The plaintiff alleged exceptions.

Neither in the Superior Court nor before this court was any question raised as to the form of the pleadings. In both courts the sole question argued seems to have been whether, on facts proved, the defendants were subject to process here and whether service had been made on one qualified to receive service.

*H. J. Stein,* for the plaintiff.

*R. W. Hall,* for the defendants.

Rugg, C.J. These are two actions of tort to recover compensation for injuries received by the plaintiff while a passenger on a cruise on a steamer owned and operated by the defendants. In the Canadian Pacific Steamships Ltd. case, the defendant filed a motion to dismiss and an answer in abatement. In the Canadian Pacific Railway Company case, the defendant filed a motion to dismiss; the Boston and Maine Railroad summoned as trustee was defaulted. The return of the sheriff in each case shows service of process on L. R. Hart, the general agent in charge of the business of the defendant.

At the hearing on the motions to dismiss and the answer in abatement, the defendants called as a witness Lewis R. Hart. The trial judge found these facts: One Lewis R. Hart is an employee of the Canadian Pacific Railway Company in its passenger department, and has charge of an office located at 405 Boylston Street, Boston, his duties being to solicit passenger business for the said railway company and for the Canadian Pacific Steamships Ltd., to supervise the staff of solicitors, to receive money for tickets, to arrange for transportation, and to sell "Passengers Travelers Cheques." All money received is deposited by him in a bank in the account of the Canadian Pacific Railway Company. No money therefrom is withdrawn by him or his staff in Boston. All bills are paid from the Montreal office. Payroll checks and other bills are sent and paid from Montreal. Complaints are received and transmitted likewise to the office in Montreal.

The name of this employee is listed in the telephone book as general agent, and his name appears on stationery and advertising as general agent. Some steamers of the Canadian Pacific Steamships Ltd. make stops at Boston. Hart testified that he makes up and issues tickets of the defendants at the Boston office, the rent for which is paid by the Canadian Pacific Railway Company, sells them and receives money for the same. He makes reservations for the transportation of passengers on lines of the defendants. Local ticket agents confer with him as to information concerning travel and accommodations on the lines of the defendants and he gives them advice regarding those matters. He attempts to straighten out himself complaints touching transportation and service presented to him. If unsuccessful, he communicates the information to the Montreal office of the defendants. Telegrams sent by him to the defendants respecting their business are paid for by the defendants. He issues transportation orders and receives money for them. He is constantly striving to direct travel from all New England over the defendants' lines. He receives commissions on the sale of tickets as well as a salary.

The trial judge ruled that these facts did not constitute such doing of business as to make the defendants liable to service of process, and that service on said Hart "did not make the defendants subject to the process" of our courts. The motion to dismiss was allowed in each case. The plaintiff excepted to the rulings of the trial judge and to his refusal to give her requests for rulings.

A motion to dismiss for want of proper service is proper pleading as to a matter apparent on the record. It raises a question of law. A plea in abatement is appropriate when reliance is placed upon some fact not appearing on the face of the record which the opposing party may deny and as to which there may be a trial. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54, 55. There was technical error in granting the motions to dismiss, for they related to matters not apparent on the record. These motions may be treated

as answers in abatement. *Brotkin* v. *Feinberg*, 265 Mass. 295, 298, 299. G. L. (Ter. Ed.) c. 231, § 132.

The relevant provisions of our statutes as to service of process are these: "In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the commissioner of corporations and taxation . . . ." G. L. (Ter. Ed.) c. 223, § 38. It is provided by § 37 that, in an action against a domestic corporation, with exceptions not here material, "service shall be made upon the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business . . . ."

The facts found by the trial judge and the supporting evidence recited in the record show activities by Hart which constitute the doing of business by both defendants within the Commonwealth. They also show that service of process upon Hart as agent in charge of the business of both defendants was sufficient to subject them to the jurisdiction of the court. As to both these matters the facts in the cases at bar differ in no material particular from those disclosed in *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 379; affirmed in 255 U. S. 565 *sub nomine Missouri, Kansas & Texas Railway* v. *Reynolds*. That decision governs the cases at bar upon these two points. To the same effect in principle are *Trojan Engineering Corp.* v. *Green Mountain Power Corp.* 293 Mass. 377, 381, 382, and *Atlantic National Bank of Boston* v. *Hupp Motor Car Corp., ante,* 200, 206.

There is no vital distinction on these branches between the cases of the two defendants. The differences relate to immaterial features and not to essential factors. The rent of the office was paid by the Canadian Pacific Railway Company, and Hart was in its employ. All his duties and activities appear to have been performed for both defendants. Each advertised him as its general agent and furnished him stationery with his name printed on it as its

general agent.   For each defendant he accepted money for the sale of tickets, arranged for transportation, sold "Passengers Travelers Cheques," received and considered complaints and supervised solicitors.   In addition, some steamers of the Canadian Pacific Steamships Ltd. make stops at Boston.   The scope of these undertakings goes beyond the mere solicitation of business and constitutes the actual transaction of substantial business.   These services could have been rendered by Hart for the Canadian Pacific Steamships Ltd. only by its authority.   Exercise of such authority by Hart indicates in the circumstances disclosed an agency of some importance.   *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 379, 385.   It warrants the service of process on a foreign corporation under the statutes of the Commonwealth and the due process clause of the Constitution of the United States.

The defendants further contend that the service of process in the circumstances here shown places an unreasonable burden upon interstate commerce.   The plaintiff must be assumed to be a resident of this Commonwealth.   It is so stated in the writs.   That has not been disputed.   It seems apparent that the plaintiff's cause of action arose in the course of interstate or foreign commerce.   The plaintiff is seeking to enforce her cause of action in the courts of the State of her own domicil, where she has secured service of process upon the nonresident defendants.   This places no unreasonable burden upon the commerce out of which the plaintiff's cause of action arose.   That was decided after review of authorities in *Cressey* v. *Erie Railroad*, 278 Mass. 284.   See also *International Milling Co.* v. *Columbia Transportation Co.* 292 U. S. 511.

It follows that there was error in the rulings of the trial judge and in his refusal to grant requests 1 and 2 in each set of rulings presented by the plaintiff.   It is not necessary to examine the requests in further detail.   In each case the entry may be

*Exceptions sustained.*