### PULSON et al. v. AMERICAN ROLLING MILL CO.

### No. 4359.

United States Court of Appeals
First Circuit.

Oct. 29, 1948.

Hugh F. Blunt, of Brockton, Mass., for appellants.

Hugh D. McLellan, of Boston, Mass. (Henry V. Atherton, of Boston, Mass., on the brief), for appellee

Before MAGRUDER, Chief Judge, and GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

GOODRICH, Circuit Judge.

The plaintiff, a resident of Massachusetts, sues the defendant, an Ohio corporation, in the federal court for the District of Massachusetts on a claim for breach of warranty in goods sold by the defendant to the plaintiff. The situs of the transaction itself does not appear. The defendant objects to the jurisdiction of the court, claiming it is not subject to suit in Massachusetts. The plaintiff's suit was commenced by the service of summons both upon the Massachusetts Commissioner of Corporations and Taxation and upon Frank R. Wright, an employee of the defendant in Massachusetts. It was found as a fact by the District Court that the defendant "has no representatives here except persons who solicit offers from Massachusetts prospects looking to transactions which are completed by contracts made in Ohio and shipments of goods made from points outside of Massachusetts to Massachusetts in interstate commerce." It was also found that defendant has no local bank accounts, makes no collections or local deliveries, and that its sole business in Massachusetts is in connection with the solicitation of orders which are transmitted to points outside the state.

This case is brought solely on diversity grounds in a federal court sitting in Massachusetts. Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that service of process on a foreign corporation is valid if made in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made. There being no federal statute applicable, and service having been attempted under Massachusetts procedure, the case is governed by the requirements for valid service in that state.

There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature.[1] If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, § 8, cl. 3; Amend 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation.

Service upon foreign corporations in Massachusetts is covered by two chapters of the General Laws.[2] The legislative language is very broad but the statute as applied by the Supreme Judicial Court of Massachusetts has expressly been limited not to cover the case of a foreign corporation which is engaged solely in the solicitation of interstate business within the state. Thurman v. Chicago, Milwaukee & St. Paul Ry. Co., 1926, 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563. This view of the Massachusetts statute was followed by this Court in Ladd v. Brickley, 1 Cir., 1946, 158 F.2d 212. Nothing shown at this argument indicates that our conception of the Massachusetts decisions was incorrect. Indeed, we have made an independent check to be sure on this point and our conclusion is that the law of Massachusetts now stands as declared by the Massa-

---

[1] Restatement, Conflict of Laws § 46, comment f; § 73, comment a (1934); Restatement, Judgments § 7, comment a (1942).

[2] Mass. G.L. (Ter.Ed.) c. 181, §§ 3, 3A; c. 223, § 38.

chusetts Court in the cases cited and followed by us in Ladd v. Brickley.[3]

Only one other point requires discussion. The Massachusetts Court in giving a somewhat limited effect to the legislative language in the Thurman case did indicate that a reason for doing so was the fear of unconstitutionality if the statute was applied as broadly as its language might indicate it should be applied. It now develops from the Supreme Court's decision in International Shoe Company v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A. L.R. 1057, that the constitutional limitations on jurisdiction over a foreign corporation are not as strict as they were once thought to be. The consequence of this discovery is that it might be possible to extend the Massachusetts statute to some instances where the courts of that state have previously interpreted it to be inapplicable.

Whether this be so or not we think it is no business for a federal court to meddle in. In this case we take the Massachusetts interpretation of a Massachusetts statute. It does not at all follow that the state court would give a different interpretation of the statute even though constitutional inhibitions upon doing so were removed. Courts frequently have several grounds upon which a conclusion may be based, although only one of them may be expressed. We think it is the business of the federal court to follow the state court's construction of its own statute, assuming, of course, that it does not transgress constitutional limitations, until the state court announces a different rule. We do so here. Since we conclude that the defendant is not subject to suit here

because not within the interpretation of the Massachusetts statute declared by the Massachusetts court, we have no occasion to discuss how far recent decisions might allow a state to go in extending its jurisdiction in this field. The question of federal constitutional limitations is not here before us.

The judgment of the District Court is affirmed.

---

[3] Distinguishable fact situations upon which the Massachusetts courts have found a "doing of business" beyond mere solicitation may be seen in Stein v. Canadian Pacific S. S., Ltd., 1937, 298 Mass. 479, 11 N.E.2d 457; Atlantic National Bank of Boston v. Hupp Motor Car Corp., 1937, 298 Mass. 200, 10 N.E.2d 131; Trojan Engineering Corp. v. Green Mountain Power Corp., 1936, 293 Mass. 377, 200 N.E. 117; Reynolds v. Missouri, Kansas & Texas Ry. Co., 1916, 224 Mass. 379, 113 N.E. 413. See also Canadian Pacific Ry. Co. v. Sullivan, 1 Cir., 1942, 126 F.2d 433. In Cressey v. Erie R. Co., 1932, 278 Mass. 284, 180 N.E. 160, a foreign attachment proceeding by a Massachusetts resident against an out-of-state corporation not doing business in Massachusetts was held not to place an undue burden on interstate commerce. But the Thurman case stands unshaken in Massachusetts. Cf. Wabash R. Co. v. District Court of Salt Lake County, Utah, 1946, 109 Utah 526, 167 P.2d 973.