**KELLEY v. DELAWARE, L. & W. R. CO.**

No. 4347.

United States Court of Appeals
First Circuit.

Oct. 29, 1948.

---

196

Henry Lawlor, of Boston, Mass. (Paul H. Snow, of Boston, Mass., on the brief), for appellant.

Edmund J. Moore, of Boston, Mass. (Noel W. Deering, of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

GOODRICH, Circuit Judge.

This case presents the same problem as that in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193. The subject matter of the suit is a personal injury claimed to have been sustained in New York. The defendant is a foreign railroad corporation which has no tracks in Massachusetts. The trial court found that the defendant "operates an office in Boston from which several men work throughout the New England territory, soliciting business for the company's railroad line which operates between Binghamton, New York, and Hoboken, New Jersey. The men who work out of this office are concerned only with freight traffic, * * * and they are engaged in no activity other than selling the road's services."

What we have said in Pulson v. American Rolling Mill Co. applies equally to this case. Massachusetts law, as expressed in Thurman v. Chicago, Milwaukee & St. Paul Ry. Co., 1926, 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563, controls our decision. We do not, therefore, reach the federal question of constitutionality, either as to whether jurisdiction may constitutionally be asserted or whether its exercise in this instance would be an unconstitutional burden on interstate commerce.

It is worth noting, however, that this case is on all fours with Green v. Chicago, Burlington & Quincy Ry. Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, which held the attempted exercise of jurisdiction in this situation unconstitutional. It has never been overruled. It may stand as a marker locating the line where state contact becomes too tenuous to found jurisdiction within current concepts of due process or it may not. But while it stands, its authority provides a reason in addition to the application of the state construction of the state statute, to support the conclusion reached by the District Court.

The judgment of the District Court is affirmed.