## ISENBERG v. ATLANTIC COAST LINE R. CO. (two cases).

### Civ. Nos. 7135, 7136.

United States District Court
D. Massachusetts.

March 9, 1949.

Schneider, Reilly & Bean and Joseph Schneider, all of Boston, Mass., for plaintiff.

Putnam, Bell, Dutch & Santry, and Arthur J. Santry, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

These are two actions each in two counts, one for tort, the other for contract, brought in the District Court for the District of Massachusetts by two Massachusetts plaintiffs against the Atlantic Coast Line Railroad, a corporation organized under the laws of the state of Virginia with its principal office in Wilmington, North Carolina. This Court has jurisdiction over the subject matter by virtue of the diversity of citizenship, 28 U.S.C.A. § 1332. Alleged jurisdiction over defendant was obtained by service of process on M. L. Hall, New England Passenger Agent of the Atlantic Coast Line in its Boston office. Defendant appearing specially alleges that such service cannot give this Court jurisdiction and moves to dismiss the complaint under Rule 12(b) (2) and (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant's affidavit shows that Atlantic Coast Line does not own, control or operate any lines within the state of Massachusetts. The only business transacted in Massachusetts is through the office of its New England representative. Rent for this office is paid by the defendant (p. 2, def.'s aff.). Defendant furnishes the office

with stationery, prints its name on the office door and lists itself in the telephone directory. Members of the Boston staff are paid a salary plus commission by defendant. Although defendant in its affidavit states that it has no tickets or ticket forms at its office, it does arrange transportation for passengers over Atlantic Coast Line and other railroads, securing the tickets for this passage and accepting payment for the tickets it has secured. (p. 6, def.'s aff.) Complaints from shippers in this area are received at the Boston office, and if so requested by the main office, are investigated by a member of the Boston staff (p. 5, def.'s aff.).

Under Rule 4(d) (7) of the Federal Rules service of process on a foreign corporation is valid if made in the manner prescribed by the law of the state in which service is made. The Massachusetts statute, G.L.(Ter.Ed.) Mass. c. 223, § 38 provides that service upon a foreign corporation "which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth" may be made upon the "president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business". Section 37. Defendant contends that its only business in the commonwealth is the solicitation of interstate freight and passenger traffic to be transported over its railroad lines outside of the commonwealth and that such business does not fall within the statute and if the statute were applied to such business, it would be a violation of the due process clause of the Fourteenth Amendment to the United States Constitution and an undue burden on interstate commerce. United States Constitution, Article I, § 8 cl. 3.

It is clear that the Massachusetts courts have construed the statute as not covering the case of a foreign corporation whose sole business is the solicitation of interstate business. Green v. Chicago, Burlington and Quincy Railroad Company, 205 U.S. 530, 533, 27 S.Ct. 595, 51 L.Ed. 916; Pulson v. American Rolling Mill Co., 1 cir., 170 F.2d 193; Kelley v. Delaware, L. & W. R. Co., 1 cir., 170 F.2d 195; Thurman v. Chicago, Milwaukee and St. Paul Railroad Company, 254 Mass. 569, 571, 151 N.E. 63, 46 A.L.R. 563; Ladd v. Brickley, 1 cir., 158 F.2d 212. But the Massachusetts courts have applied the statute to a foreign corporation which did business beyond mere solicitation. Reynolds v. Missouri, Kansas and Texas Railway Company, 224 Mass. 379, 113 N.E. 413; Stein v. Canadian Pacific Steamships Ltd., 298 Mass. 479, 11 N.E.2d 457; Canadian Pacific R. Co. v. Sullivan, 1 cir., 126 F.2d 433; Pulson v. American Rolling Mill Co., supra 170 F.2d 193, at page 195, footnote 3 and cases cited therein. On the basis of defendant's affidavit I can find no substantial differences between Mr. Hall's activities as New England Passenger Agent for defendant and the activities of the agents in the Stein, Reynolds and Sullivan cases.

■ The services which defendant in the case at bar admittedly performs in Massachusetts closely parallel those of the Canadian Pacific as outlined in the Stein case, 298 Mass. 479, at page 482, 11 N.E.2d 457 and in the Sullivan case, 126 F.2d 433, at pages 437, 438 and those of the Missouri, Kansas & Texas Railway in the Reynolds case, 224 Mass. 379, at pages 382, 383, 113 N.E. 413. The Massachusetts courts have consistently held that the scope of these undertakings goes beyond the mere solicitation of business and constitutes the actual transaction of substantial business, warranting the service of process on a foreign corporation under the statutes of the commonwealth.

■ Defendant's further contention that maintenance of this suit would impose an undue burden on interstate commerce is without merit. It is well settled that where a defendant is doing business within a state to an extent to make it amenable to process and where the plaintiff is domiciled within the state, a trial within that state places no undue burden on interstate commerce. See International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396; Canadian Pacific R. Co. v. Sullivan, 1 cir., 126 F.2d 433, 438–440; Moss v. Atlantic Coast Line R. Co., 2 cir., 157 F.2d 1005, 1007; Cressey v.

Erie Railroad Company, 278 Mass. 284, 291–293, 180 N.E. 160; Stein v. Canadian Pacific Steamships Ltd., 298 Mass. 479, 483, 11 N.E.2d 457.

Motion to dismiss denied.