**SCHMIKLER v. PETERSIME INCUBATOR CO.**

**Civil Action No. 6359.**

United States District Court
D. Massachusetts.

March 16, 1949.

The other representative is one Bangs, who is in charge of sales and service of the defendant in its entire eastern territory. He comes to Massachusetts on rare occasions only, such as the Poultry Show.

On the basis of the foregoing I must find and rule that the defendant is not present and doing business within the Commonwealth of Massachusetts so as to render it subject to the jurisdiction of this Court. On the authority of the Pulson and Kelley cases, supra, the action is to be dismissed.

Morris Michelson and Maurice D. Slovin, both of Boston, Mass., for plaintiff.

J. N. Welch and James D. St. Clair, both of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The defendant has asked the Court to review the decision of Judge Healey which denied a motion to dismiss the action for lack of jurisdiction. D.C., 77 F.Supp. 11. This request is based upon two recent decisions of the Court of Appeals of this Circuit, Pulson et al. v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, and Kelley v. Delaware, L. & W. R. Co., 1 Cir., 170 F.2d 195.

The defendant's usual place of business is in Ohio and it maintains no factory, warehouse, office, or store in Massachusetts; it does not display its name on any place of business in Massachusetts nor is it found in any telephone directory. Service of process in this case was made during the course of the Boston Poultry Show. Two different persons were served with process at different times. Callander is a Massachusetts resident and sells the defendant's products on a strictly commission basis. He services the defendant's product but this is part of his contract of sale. While his name and picture have appeared in conjunction with advertisements of Petersime Incubators, he is nevertheless an independent contractor. Orders received through him are accepted at the Ohio place of business and become Ohio contracts.