■ KONRAD GRIES, Respondent, v. CENTRAL VERMONT RAILWAY, . INC., Appellant.— Action by a resident of this State to recover damages for personal injuries sustained when defendant, a Vermont corporation, allegedly started a train without warning while plaintiff, a passenger, was boarding it at Waterbury, Vermont. Defendant, appearing specially, moved pursuant to section 237-a of the Civil Practice Act to dismiss the complaint (1) for lack of jurisdiction of the person on the grounds that service of the summons and complaint without the State was defective because (a) the warrant of attachment herein was improvidently granted, and (b) no levy had then been made under the warrant of attachment upon any property of the defendant within this jurisdiction and (2) for lack of jurisdiction of the subject matter in that defense of this action in this jurisdiction would unduly burden defendant, who is engaged in interstate commerce. The appeal is from an order which denies the motion except as to the ground designated above as 1 (b), which was referred to an Official Referee. Order affirmed, with $10 costs and disbursements. We regard the reference to the Official Referee as one to hear and report. The right of this plaintiff to commence the action in the State of his residence (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152; *de la Bouillerie* v. *de Vienne*, 300 N. Y. 60; cf. *International Milling Co.* v. *Columbia Co.*, 292 U. S. 511) is not counterbalanced, in the light of all the circumstances, by the alleged undue burden imposed on interstate commerce (*Cressey* v. *Erie R. R. Co.*, 278 Mass. 284). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [See *ante*, p. 666; *post*, p. 711.]