**KAMAS STATE BANK, Plaintiff,**

v.

**AMERICAN SURETY COMPANY OF NEW YORK, and Transamerica Insurance Company, Inc., Defendants.**

No. 16272–4.

United States District Court
W. D. Missouri, W. D.

March 10, 1967.

Samuel J. Molby, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for plaintiff.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ELMO B. HUNTER, District Judge.

This matter is presently before the Court on defendants' motion to quash return of service and to dismiss. Plain-

tiff is the insured on a blanket bond issued by defendant American Surety and has submitted a claim of loss under that policy. Defendant American Surety contends it no longer exists as a separate entity and is not represented by the individual who has served pursuant to Rule 4(d) (3). Plaintiff alleges that American merged into Transamerica and that Transamerica assumed all the liabilities of American. Plaintiff is a Utah corporation with its principal place of business in Utah. Transamerica is a California corporation with its principal place of business in California. Plaintiff contends that "the fraud and misrepresentation forming the basis of plaintiff's claim was perpetrated by an employee of a Missouri corporation with its principal place of business in this State." Defendant states that all of the parties and most of the witnesses are located in the State of Utah.

## ISSUE OF METHOD OF SERVICE

█ Defendants originally opposed the method of service, but in later briefs indicate they are not pressing that position. Service was made on the superintendent of insurance, Jefferson City, Missouri, and process was also served on a person plaintiff refers to as agent and office manager of defendants. Plaintiff alleges insufficient facts to show service on the superintendent of insurance was proper and effective in this case,[1] and it does not rely on this purported service. Therefore, plaintiff must and does rely upon the service on the agent of defendants, served pursuant to Rule 4(d) (3), F.R.C.P. This service was proper under Rule 4(d) (3), and was authorized by that rule even though numerous Missouri state court cases hold that section 375.210 RSMo (1959), provides the exclusive method of commencing a lawsuit in state court against a

foreign insurance company. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) for support of this proposition. The effect of the Hanna decision is that the propriety of the method of service initiated out of the federal courts must be judged by the Federal Rules of Civil Procedure, even though the method of service used does not conform to the method used in the state courts.

## ISSUE OF JURISDICTION

In the case of Hanna v. Plumer, supra, the defendant was subject to the jurisdiction of the state courts if the state method of service would be followed (in hand personal service on executors). There was no factual setting in the Hanna case which would prevent the use of the state method of process service on defendant. There is a factual setting in the present case which does prevent service upon both defendants in state court.

█ Rule 4(d) (3) does not purport to say that if service is made pursuant to the method set out therein that the Court obtains jurisdiction to adjudicate the matter and that the Court must exercise jurisdiction in the matter. See Arrowsmith v. United Press International, 320 F.2d 219 (2nd Cir. 1963), Jennings v. McCall Corp., 320 F.2d 64 (8th Cir. 1963). Rule 4 applies only to the method of service followed and not to the jurisdiction which the court has over the matter after that service has been made.

█ Whether a federal district court has and will exercise jurisdiction over a foreign corporation is a matter on which the state law is of prime importance. As was stated in the Jennings case, supra at 68, "In addition to acknowledging a state's privilege to impose its own jurisdictional limitations,

---

1. Section 375.210, RSMo (1949), permits service upon the Secretary of State where the defendant is a foreign insurance company and the party bringing the action is a nonresident only if the action is brought upon a policy issued in Missouri or if the cause of action is one which arises out of business transacted, acts done or contracts made in Missouri. From the facts alleged it does not appear that the contract in question was issued in Missouri, nor does the cause of action arise out of business transacted, acts done or contracts made in Missouri.

we indicated [in a previous decision] that a federal court sitting in diversity should follow such limitations." The Court of Appeals in Jennings, supra at 69, went on to state, "Nonviolation of due process is not a substantial reason for subjecting a foreign corporation to a diversity suit arising under state law where the state court itself would not assert jurisdiction."[2]

As to whether Missouri courts would exercise jurisdiction over defendants, if given the opportunity to try such a case as is here presented, this Court cannot say. This Court can feel safe in saying it doubts seriously whether a Missouri state court can be presented with such a case for the reason that under the facts alleged, service of process through the Missouri court system cannot be made. Numerous state decisions hold that service of process in state court on a foreign insurance corporation can be made only through the methods provided in Section 375.210 RSMo (1959).[3] Plaintiff cannot meet the requirements of that section to entitle it to service thereunder.

 It seems clear that even if the provisions of Section 375.210, RSMo (1959), are viewed only as dealing with the method of service of process and not at all with jurisdiction (the Court makes no such finding that it deals only with service), nevertheless, this case before the federal court sitting in Missouri could not as a matter of fact be brought in the state courts of Missouri. This is very much different from the factual setting in Hanna v. Plumer, supra.

Moreover, the state and federal courts in Missouri have been very careful in their application of the general service statute to foreign corporations, demonstrating extreme reluctance to exercise jurisdiction, even though the facts may well place a case within the rule of International Shoe as far as due process is concerned. See 28 Mo.L.Rev. 336 (1963), Personal Jurisdiction Over Outsiders.

 There is certainly no compelling reason for the Western District of Missouri to provide a forum for litigants from Utah and California concerning a matter which took place outside of this district, and for which other adequate forums are available. See Judge Goodrich's opinion in Pulson v. American Rolling Mill Co., 170 F.2d 193 (1st Cir. 1948).

Therefore, defendant's motion to dismiss the complaint for the reason that this Court has no jurisdiction over the defendants is hereby sustained, and the complaint is accordingly dismissed without prejudice.

It is so ordered.

---

2. Although Jennings dealt with a factual problem of "doing business" it certainly cannot be said that the broad principles set out therein must be confined to "doing business" cases.

3. See Vernon's Annotated Missouri Statutes, § 375.210, n. 12.