INTERSTATE CIRCUIT, Inc., et al. v. TIVOLI REALTY CO.

Civil Action No. 2797.

District Court, N. D. Texas, Dallas Division.

Dec. 22, 1947.

94

Joe A. Worsham and Joe Irion Worsham, both of Dallas, Tex., for plaintiffs.

Thompson, Meek & Goldberg, of Dallas, Tex., and Thurmond Arnold, of Washington, D. C., for defendant.

George S. Wright, of Dallas, Tex., for interveners.

ATWELL, District Judge.

In a suit in a federal court of Delaware, No. 1077, styled Tivoli Realty, Inc., v. Paramount Pictures, Inc., and thirteen other moving picture concerns, which, for brevity, will hereafter be referred to as No. 1077, the plaintiff sought $750,000 in damages and certain equitable restraints, on the ground that it had built on Hackberry Street in or near Dallas, Texas, a theater which was completed and begun to exhibit on September 26, 1947. On November 7, 1947, No. 1077 had been filed in Delaware under Sec. 12 of the Clayton Act, 15 U.S.C.A. § 22, for the alleged damages mentioned. The principal stockholder in Tivoli Realty, Inc., the plaintiff in No. 1077, is I. B. Adelman. His wife owns one share of the stock, and Harry Sachs owns a few of the shares.

Mr. Adelman and Mr. Sachs were employees of the Interstate Circuit, and the Texas Consolidated Theaters, Inc., the plaintiffs in this suit, for approximately ten years. They claim in No. 1077 that all of the defendants in that suit conspired to prevent them from securing pictures for this new suburban theater. They also contend that Dallas is a large city and that a large part of the moving picture shows are downtown and that traffic conditions are such that there was a justification for an attempt to have a theater outside of the accustomed theater district.

Plaintiffs in this suit own and operate one hundred seventy-one motion picture theaters in Texas, and eight in New Mexico. Neither of the plaintiffs in this suit transacts any business in the state of Delaware, nor outside of the states of Texas and New Mexico.

In No. 1077 there is pleaded, in addition to the alleged conspiracy, an injunction issued in this court ten years ago, and the claim is made that that injunction is being violated by the defendants in No. 1077.

Upon the presentment of the verified complaint on December 8, 1947, a rule was issued requiring the Tivoli Realty, Inc., to show cause why a temporary injunction should not issue. On December 22, 1947, the defendant filed a motion to dismiss, and an affidavit of I. B. Adelman in support of his allegations in No. 1077, and for the purpose of defeating the claim of the plaintiffs, that this is the most convenient forum for the determination of the issues, shown to exist in No. 1077, as well as in this case.

The defendant, through earnest counsel, invokes the various reasons, against an application of the doctrine of forum non conveniens, to-wit:

(a) That the suits under scrutiny must be substantially the same. The question may be ruled against the defendant on the facts shown.

■ (b) That the doctrine of the most convenient forum will not rule where jurisdiction is granted under a special statute. Cases holding that, in substance, are largely federal employees' actions for damages. The wholesome reason for not requiring a working man to seek some distant forum for the securing of his rights growing out of an injury while he is at work, can hardly be found in cases like these under discussion.

■ (c) A citation of stockholder suits against the management of a corporation is hardly in point, because such suits are really suits by the corporation and are provided for in long recognized equity powers.

■ (d) That the domicile of the defendants in No. 1077 must be recognized as the state of incorporation, which, for nearly all of the defendants in that suit, is in the state of Delaware. That rule of venue is of little or no interest if and when a corporation born in that state has its main office and place of business elsewhere and merely makes use of the state of its

incorporation for the purpose of furnishing an agent upon whom service may be had.

The dawning of the day of practicability instead of the continuation of the night of technicality, has been welcomed by both bench and bar in a simplification of the rules of both civil and criminal procedure. That satisfactory direction of the hunt for justice has been recently recognized by the Supreme Court with reference to this very doctrine of convenience in a statement which means, in substance, that it is high time that the facts of each case be considered rather than cumbersome and wholly unnecessary technicalities.

There is no substantial nor satisfactory answer on the merits to the complaint and statements of the plaintiffs that the convenience of the parties in the meeting of the issues and the presentment of a vast amount of testimony may be furthered and recognized by listening to and granting the plaintiffs' plea for a solution of the differences between these litigants in a court situated near the scene of the happenings. The charge that the plaintiff in No. 1077 is acting in a vexatious and inequitable manner, is serious.

Cases presented by counsel on both sides may be placed together rather than reviewed by the court. Among them are: Baltimore & O. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Steelman v. All Continent, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085; Baltimore & O. v. Clem, D.C., 36 F.Supp. 703; Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. —; Koster v. Lumbermen's Mut., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. —; Rogers v. Guaranty, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720; International Mill v. Columbia, 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396; Northern Pac. R. Co. v. Richey & Gilbert, 132 Wash. 526, 232 P. 355; Crosley Corporation v. Westinghouse, 3 Cir., 130 F.2d 474; Hoffman v. Foraker, 274 U.S. 21, 47 S.Ct. 485, 71 L.Ed. 905; Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538; Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026; Miles v. Illinois Cent., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104; Sacco v. Baltimore & O., D.C., 56 F.Supp. 959; Momand v. Paramount, D.C., 19 F.Supp. 102; United States v. National City Lines, D.C., 1947, 7 F.R. D. 456.

I have said nothing about No. 1077 having parties who are not parties in No. 2797, this suit, because there is no force in that argument since all of the parties who are in No. 1077 have voluntarily intervened, and are now parties in this suit.

Preliminary injunction must issue.