TIVOLI REALTY, Inc. v. INTERSTATE CIRCUIT, Inc., et al.

No. 12226.

Circuit Court of Appeals, Fifth Circuit.

March 18, 1948.

Writ of Certiorari Denied June 7, 1948.

See 68 S.Ct. 1494.

Abe Fortas, of Washington, D. C., Irving L. Goldberg, of Dallas, Tex., and Thurman Arnold, of Washington, D. C., for appellant.

Joe A. Worsham, Joseph Irion Worsham, and George S. Wright, all of Dallas, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an interlocutory order of the district court that temporarily enjoined the appellees from prosecuting a certain civil action now pending in the United States District Court for the District of Delaware, and from proceeding any further therein except to dismiss the complaint. The appeal is authorized by Section 129 of the Judicial Code, 28 U.S.C.A. § 227. The temporary injunction was issued, under the doctrine of forum non conveniens, in the exercise of the equity powers of the court. Whether said doctrine was correctly ap-

plied is the decisive question on this appeal.[1]

The Delaware action alleged a conspiracy in restraint of trade in the execution of which the defendants assigned to themselves and their affiliates a monopolistic position for the exhibition of motion pictures in various cities throughout the United States. It was brought under the authority of Sections 1, 2, and 7 of the Act of July 2, 1890, known as the Sherman Anti-Trust Act; and Sections 4, 12, and 16 of the Act of October 15, 1914, known as the Clayton Act.[2] It was filed by the Tivoli Realty, Inc., a Texas corporation, against fourteen defendants, twelve of whom are the principal producers and distributors of motion pictures, and two of whom operate a chain of motion-picture theatres in Texas and New Mexico. All of the defendants were incorporated under the laws of Delaware, except four that were incorporated under the laws of New York. The appellant, Tivoli Realty, Inc., alleged that the defendants had collusively assigned to its theatre in Dallas, Texas, an inferior playing position and had denied it an opportunity to compete for feature pictures. It sought damages and an injunction in the Delaware federal court.

Before answering in the Delaware action, two of the defendants, Interstate Circuit, Inc., and Texas Consolidated Theatres, Inc., both Delaware corporations, filed the present suit in the court below praying that Tivoli Realty be enjoined from prosecuting the Delaware action. Seven of the remaining twelve defendants in the Delaware action intervened in the court below and joined in the prayer for an injunction. The court below issued an order to show cause why a temporary injunction should not be granted. On the hearing five defendants in the Delaware suit, which had not intervened below, filed a paper denying that the Texas court had jurisdiction over them, but voluntarily offering to submit to its venue if the Delaware complaint were brought in Texas; but they filed no intervention, offered no evidence, and asked for no relief. At the conclusion of the hearing, the judge entered an order granting the temporary injunction from which this appeal was taken.

Under the doctrine of forum non conveniens, a court having jurisdiction may decline to exercise it in a suit that in justice should be tried elsewhere.[3] This doctrine involves the use of discretion on the part of the court in which the suit is brought. The United States district courts are not inclined to interfere by injunction with suits in other federal districts where the inequity alleged is based solely on inconvenience;[4] but in this case the parties failed to present the issue of inconvenience to the Delaware court, and sought an injunction from the Texas court in which no anti-trust action against them was pending. State courts have enjoined parties from litigating in another state in order to evade the laws of the first state;[5] but federal district courts are within a single judicial system in which the error of one may be corrected by the ordinary processes of appeal to the United States Supreme Court. Therefore, as a matter of comity, we think the court below erred in granting the injunction.

On the merits, it appears that the venue of the Delaware action was laid pursuant to a special statute,[6] and was in the only forum where jurisdiction and venue could be obtained as to all of the several defendants. The doctrine of forum non conveniens furnishes the criteria for choice between two or more forums in which the defendant is amenable to process.[7] At least two such forums must be open to the plaintiff before the doctrine comes into play; and they shall not be de-

---

[1] The opinion of the district court is reported in 75 F.Supp. 93.

[2] 26 Stat. 209, 38 Stat. 731, 15 U.S. C.A. §§ 1, 2, 15 and note, 22, and 26.

[3] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839; Koster v. Lumbermen's Mutual Co., 330 U.S. 518, 67 S. Ct. 828; both diversity of citizenship cases.

[4] Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 53, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222.

[5] Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538.

[6] 15 U.S.C.A. § 22.

[7] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 507, 67 S.Ct. 839.

pendent merely upon the will or grace of the defendant, but must be provided by law.

■ The five defendants who did not intervene in the Texas court are alleged to be the principal conspirators in the Delaware action. Nevertheless, the court below enjoined Tivoli from prosecuting its action against them as well as against the plaintiffs and interveners. Tivoli was not left free to require these five alleged conspirators to answer or otherwise plead in the Delaware action; nor was it left free to proceed against them by taking depositions, filing interrogatories, or otherwise. The failure of these five to intervene, and their written statements that they were not subject to the venue of the court below, evidence that this case is not one in which the doctrine of forum non conveniens applies, because, as stated to be necessary by Mr. Justice Jackson, there are not two forums in which the entire group of defendants is answerable to process.[8]

■ It is a fair inference that ordinarily one's domicile is not an inconvenient place for one to be sued. Every federal venue statute within our contemplation embraces the defendant's residence or domicile as one of the places for suits to be brought against him. The Clayton Act, supra, specially provides that any action under it against a corporation may be brought in any judicial district where it is an inhabitant, or wherein it may be found, or transacts business. Prima facie, therefore, it is not vexatious or oppressive, within the doctrine under consideration, to sue a corporation within the judicial district that meets not only one but all three of these several requirements as to venue. The Delaware action meets all three, since the appellees may be found in Delaware, transact business there, and a corporation is deemed to be an inhabitant of the state of its creation.[9]

In addition, the District of Delaware seems to contain the only forum available to the plaintiff in an action against all of the alleged conspirators. We are told that the only reason the appellant did not file its anti-trust action in New York was that venue could not be secured there against two of the conspirators: Interstate Circuit, Inc., and Texas Consolidated Theatres, Inc. We agree with Tivoli that the trial in Texas would be more costly than in either Delaware or New York, because the alleged conspiracy is nationwide and the necessary witnesses, in the main, would have to be brought to Texas from New York, which is much closer to Delaware than is Texas. Moreover, jurisdiction in this case does not depend upon diversity of citizenship; it arises entirely from a federal statute, which specially states the venue of actions under it, and gives more freedom to the plaintiff's choice of forums than is afforded in the federal courts by the general statute as to venue.[10]

In numerous cases under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the applicability of the doctrine of forum non conveniens has been denied.[11] The leading case is Baltimore & Ohio R. Co. v. Kepner, supra, wherein the Supreme Court held that the special venue provisions of the Act could not be frustrated for reasons of convenience or expense. If deemed unjust the remedy is legislative, the court said. Such provisions are substantially the same as those under the anti-trust

---

[8] Gulf Oil Corp. v. Gilbert, supra.

[9] Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Galveston, etc. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248; In re Keasbey & Mattison, 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300.

[10] For special statute as to revenue, see 15 U.S.C.A. § 22. For general statute, see Sec. 51, Judicial Code, as amended, 28 U.S.C.A. § 112.

[11] Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104; Trapp v. Baltimore & Ohio R. Co., D.C., 283 F. 655; Schendel v. McGee, 8 Cir., 300 F. 273; Norris v. Illinois Central R. Co., D.C., 18 F.2d 584; Beem v. Illinois Central R. Co., D.C., 55 F.2d 708; Wood v. Delaware & Hudson R. Corp., 2 Cir., 63 F.2d 235; Chesapeake & Ohio R. Co. v. Vigor, 6 Cir., 90 F.2d 7, certiorari denied 302 U.S. 705, 58 S.Ct. 25, 82 L.Ed. 545; Baltimore & Ohio R. Co. v. Clem, D.C., 36 F.Supp. 703; Sacco v. Baltimore & Ohio R. Co., D.C., 56 F. Supp. 959.

act, since a corporation may be found in any judicial district where it is doing business;[12] but the Federal Employers' Liability Act gives concurrent jurisdiction to state and federal courts of actions under it and forbids removal to the United States Courts of any such action brought in a state court of competent jurisdiction.[13] The denial of the right of removal, however, of actions brought in a state court, although in the same paragraph, is not a part of the venue provisions as to actions in the federal courts. Therefore, the anti-trust and the employers' liability acts, having substantially identical provisions as to venue, cannot be distinguished in principle.

In the Kepner case, supra, the court said that the importance of unhampered commerce was as great as that of the carrier's freedom from harassing litigation, and did not outweigh the plain grant of a legal privilege as to venue. This applies with greater force when legal venue is weighed against a claim of vexatious litigation where a nationwide conspiracy in restraint of commerce is alleged. The general rule is that a court possessing jurisdiction must exercise it if the venue is properly laid.[14] The venue being properly laid here and the doctrine of forum non conveniens being inapplicable, the order appealed from is reversed, the temporary injunction dissolved, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

---

[12] Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853; International Shoe Co. v. State of Washington, et al., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; Mississippi Publishing Corporation v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185.

[13] 45 U.S.C.A. § 56.

In the absence of a special statute as to venue, where jurisdiction depends upon a federal question, no civil suit may be brought in any other district than that whereof the defendant is an inhabitant, 28 U.S.C.A. § 112. Therefore, but for the special venue provisions in anti-trust and F. E. L. A. cases, suits in the federal courts under these two acts against a corporation might be brought only in a district in the state that granted the charter or in a state in which the corporation had consented to be sued. Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

[14] Williams v. Green Bay & W. R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 311, was a stockholders' suit, with jurisdiction dependent solely on diversity of citizenship. In this case the court said, 326 U.S. 554-557, 66 S.Ct. 286-288:

"We mention this phase of the matter to put the rule of forum non conveniens in proper perspective. It was designed as an 'instrument of justice.' Maintenance of a suit away from the domicile of the defendant—whether he be a corporation or an individual—might be vexatious or oppressive. An adventitious circumstance might land a case in one court when in fairness it should be tried in another. * * * But where in this type of litigation only a money judgment is sought, the case normally is different. The fact that the claim involves complicated affairs of a foreign corporation is not alone a sufficient reason for a federal court to decline to decide it. The same may be true even where an injunction is sought. We give these merely as illustrations. Each case turns on its facts. There are no special circumstances here, however, which should lead the District Court in New York to decline to exercise the jurisdiction which it has."

In the same opinion from which the Supreme Court has just quoted, Mr. Justice Cardozo stated further: "Equity, it is said, will not be over-nice in balancing the efficacy of one remedy against the efficacy of another when action will baffle, and inaction may confirm, the purpose of the wrongdoer." Rogers v. Guaranty Trust Co. of New York, 288 U.S. 123, 151, 53 S.Ct. 295, 305, 77 L.Ed. 652, 89 A.L.R. 720.

A fortiori, in equity, one federal district court ought not to enjoin the parties in another federal district court from seeking an injunction to stop further overt acts, which it is averred are being committed every day in every state of the Union, in a nationwide criminal conspiracy to restrain commerce.