**TIVOLI REALTY, Inc. v. PARAMOUNT PICTURES, Inc. et al.**

**ADELMAN v. PARAMOUNT PICTURES, Inc. et al.**

**Civ. A. 1077, 1109.**

United States District Court
D. Delaware.
Dec. 28, 1951.

See also 10 F.R.D. 201.

John Van Brunt, Jr. (of Killoran & Van Brunt), of Wilmington, Del., William L. McGovern (of Arnold, Fortas & Porter), of Washington, D. C., and Irving L. Goldberg (of Thompson, Meek & Goldberg), of Dallas, Tex., for plaintiffs, Tivoli Realty, Inc., et al.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., George S. Wright and Jos. Irion Worsham, of Dallas, Tex., and Robert E. Sher, of Washington, D. C., for defendants, Interstate Circuit, Inc., et al.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., and Roy W. McDonald (of Donovan, Leisure, Newton, Lumbard & Irvine), of New York City, for defendants, Paramount Pictures, Inc., et al.

Ayres J. Stockly (of Hastings, Stockly, Walz & Wise), of Wilmington, Del., and Roy W. McDonald, of New York City, for defendants, Twentieth Century-Fox Film Corp. et al.

Hugh M. Morris and S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and Roy W. McDonald, of New York City, for defendants, Universal Pictures Company, Inc., et al.

Richard F. Corroon (of Southerland, Berl & Potter), of Wilmington, Del., and Roy W. McDonald, of New York City, for defendants, Loew's Inc., Radio-Keith-Orpheum Corp. et al.

RODNEY, District Judge.

This is a motion of the defendants to transfer the above two cases to the appropriate District of Texas. The Tivoli Action No. 1077 was instituted in this court November 6, 1947, and the Adelman Action No. 1109 on March 29, 1948, both before the adoption on June 25, 1948, of the transfer section known as 28 U.S.C. § 1404(a), under which section the present motion is made.

Prior to the adoption of 28 U.S.C. Sec. 1404(a) the District Court for the Northern District of Texas, acting under the doctrine of forum non conveniens, enjoined the

plaintiffs from prosecuting one of these cases, No. 1077, in this court.[1] The Court of Appeals for the Fifth Circuit, still before the adoption of 28 U.S.C. § 1404(a) and still considering only the doctrine of forum non conveniens, reviewed and reversed the judgment of the District Court.[2]

This court at an earlier stage of this case entertained the present motion to transfer the cases under 28 U.S.C. § 1404(a) and determined, without considering the merits of the motion, that it was without authority to make the transfer.[3] This court's action was dictated by the fact that five of the fourteen defendants were not only not inhabitants of Texas, but transacted no business there and could not be found in Texas.

Pursuant to mandamus proceedings, a majority of the Court of Appeals for the Third Circuit[4] held that this court was in error and that it did have the "power" to make the transfer and in the opinion instructed this court to "proceed to consider in the light of convenience of the parties and witnesses and in the interest of justice whether the causes should be transferred to a district court in Texas."

It becomes material, then, to determine the present motions in the light of the provisions of the Statute, as set out in the footnote,[5] and these provisions will be considered separately.

### Convenience of Parties

■ The convenience of parties is closely interwoven with the convenience of witnesses and will not be considered separately at great length. It is a fact, however, that all of the defendants are amenable to process in Delaware and that the plaintiffs properly exercised their option in selecting Delaware as their chosen forum. As said in Gulf Oil v. Gilbert,[6] "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

It is, however, equally a fact that the plaintiff in each case is a resident of the District of Texas to which the defendants seek a transfer and where every theatre involved is located and where every specific injury complained of took place. In the District of Texas every defendant is either amenable to process by reason of doing business there or has agreed to the venue in Texas and submitted themselves to the jurisdiction of the Texas Court.

Clearly the balance of convenience of parties as distinguished from the convenience of witnesses and apart from the plaintiffs' exercise of option in the selection of a forum leans strongly toward Texas.

### Convenience of Witnesses

Before considering the nature of the case itself it is well to draw attention to an anomoly distinguishing this case from usual cases involving convenience of witnesses. The plaintiffs do not contend that Delaware will be a more convenient forum for their own witnesses. Indeed, I am given no indication, by affidavit or otherwise, of any witnesses, other than the plaintiffs themselves and officers of the defendants, by whom the plaintiffs would prove their cases.

Many depositions in discovery proceedings have been taken involving some thirty-odd witnesses. Some thousand of pages of testimony have been taken and numerous exhibits presented. Much of this testimony has a direct reference to conditions in and around Texas and the defendants suggest that such matters indicate the necessity of a trial in Texas. The plaintiffs insist, however, that the depositions in discovery, some of which have not been completed and returned, were largely for the purpose of

---

1. Interstate Circuit, Inc., v. Tivoli Realty Co., 75 F.Supp. 93.

2. Tivoli Realty, Inc., v. Interstate Circuit, Inc., 5 Cir., 167 F.2d 155.

3. Tivoli Realty, Inc., v. Paramount Pictures, Inc., 89 F.Supp. 278.

4. Paramount Pictures, Inc., v. Rodney, 186 F.2d 111, 116.

5. 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

6. 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055.

determining the knowledge of the witnesses. The plaintiffs insist that if the witnesses and testimony be considered from a qualitative rather than a quantitative basis, many of the witnesses in Texas whose convenience is considered by the defendants would not, in fact, be necessary or material at all and that their convenience should not be considered.

It still, however, must be remembered that the witnesses discussed in this connection are witnesses for the defendant and not those of the plaintiff. This court would be extremely reluctant at this stage of the case and on a motion of this nature to enter into any definite consideration of the manner of conducting the defense to an action of this kind or of passing upon the personality of the proper witnesses to be produced by a defendant or of the materiality of such testimony.

In support of the motions to transfer the causes the defendants have filed some twelve or more elaborate and exhaustive affidavits showing the nature of the cases and exhibiting in detail the local atmosphere and conditions surrounding the theatres in Texas which are the subject matter of the suit. The plaintiffs have filed but one affidavit by counsel to the effect that many of the witnesses suggested by the defendants may, in fact, be unnecessary and that from a qualitative viewpoint this jurisdiction of Delaware is more convenient for the defendants' witnesses.

The present actions, in general, are private actions for treble damages under the Sherman Anti-trust Law, 15 U.S.C.A. §§ 1-7, 15 note. The plaintiffs allege a nation-wide conspiracy evidenced by and culminating in a conspiracy and unlawful course of conduct in the distribution and exhibition of motion pictures in Dallas and Houston, Texas. In the Tivoli action $750,000 is sought as damages to the plaintiff's theatre in Dallas, Texas. In the Adelman action $2,436,000 is demanded as alleged damages sustained by the plaintiff's theatre in Houston, Texas. In both suits a trial by jury has been demanded.

The conspiracy, if proven, must be shown to have a definite relation to the course of conduct in connection with the named theatres in Texas. The legality of a course of conduct in the granting or refusing priorities in the distribution and exhibition of motion pictures in Dallas and Houston, Texas must necessarily involve local conditions where those theatres exist. For this purpose it is conceivable that much testimony must involve the location, availability, contrasting values and many other factors concerning the theatres allegedly discriminated against. For these matters every possible witness is in Texas and their personal attendance, if requirable at all in Delaware, would be only at great expense and inconvenience. Delaware, except as a state of incorporation of the defendants, is a stranger to the proceedings and no person in Delaware has any knowledge whatever of any relevant matter. No jury in Delaware could obtain the most advantageous perspective.

### Interest of Justice

As indicated by this court in Cinema Amusements v. Loew's, Inc.,[7] the interest of justice may exist separate and apart from the convenience of the parties and witnesses as well as a resultant factor from those conveniences. Every consideration "in the interest of justice" considered in the Cinema case seems applicable to the present cases, to which in many respects it is peculiarly similar. There, as here, the controversy involved a particular locality. In both a nation-wide conspiracy had been alleged culminating in injury in connection with specific theatres. In the Cinema case the theatres were in Denver, Colorado, and in the present cases the theatres are in Dallas and Houston, Texas. In both cases a most material feature concerned and concerns the relative suitability and desirability of various theatres in the designated area and this in turn includes the respective attractiveness, equipment, accessibility, size, location and other similar qualities of the various theatres. It seems unnecessary to

7.  85 F.Supp. 319, 322.

 

further repeat here the views there expressed.

The only consideration "in the interest of justice" not mentioned in the Cinema case might be the long period that has elapsed since the institution of these actions. This court regrets this delay but, except for the time consumed in determining its "power" to make the transfer, the delay has not been caused by any action of this court. If by a proper construction of the statute the defendants are entitled to a transfer under their timely motion and for the convenience of parties and witnesses in the interest of justice, then a delay not caused by the court or by any harassing or obstructive tactics of the defendants ought not prevent the consideration of the motion on its merits.

Insofar as the former delays of the case are concerned and as affecting the transfer, it is extremely probable that a trial may be obtained at an earlier date and with greater facility in Texas than if a transfer should not be made.

The plaintiffs contend, however, that the conveniences of parties and witnesses should not be considered at all by this court. The plaintiffs urge that while the decision of the Court of Appeals for the Fifth Circuit, 167 F.2d 155 is not binding on this court, yet that a certain statement of that court and appearing herein as a footnote [8] by something akin to res judicata should be conclusively persuasive on this court.

Beside the fact that the only question that gave the Court of Appeals for the Fifth Circuit a particular statutory jurisdiction at all was the propriety of the issuance by the District Court of Texas of a temporary injunction restraining the prosecution of the action in this Delaware court, yet it clearly appears that the other remarks of the court solely concerned the doctrine of forum non conveniens and the opinion was rendered before the adoption of the Transfer Section 1404(a).

I am of the opinion that the casual remark of the Court of Appeals for the Fifth Circuit should not be determinative in these cases. In the first place it would be of limited application, having been made before one of the cases here involved, No. 1109, was instituted in this court and, therefore, could not be operative upon it in any degree. The Court of Appeals for this Third Circuit, in considering the power of this court to transfer these cases, 186 F.2d 111, did not consider the opinion of the Court of Appeals for the Fifth Circuit and expressly stated, at page 115, note 11, that such decision was considered irrelevant, having preceded the adoption of Section 1404(a).

■ I am clearly of the opinion that every consideration of the "convenience of the parties and witnesses, in the interest of justice" requires that the cases be transferred to the appropriate District of Texas.

An appropriate order may be submitted.

---

8. Extract from 167 F.2d 155, 157: "We agree with Tivoli that the trial in Texas would be more costly than in either Delaware or New York, because the alleged conspiracy is nationwide and the necessary witnesses, in the main, would have to be brought to Texas from New York, which is much closer to Delaware than is Texas."