**TIVOLI REALTY, Inc.**

v.

**PARAMOUNT PICTURES, Inc. et al.**

No. 14486.

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1954.

Petition of Distributor-Appellees for Rehearing Denied.

March 5, 1954.

Petition of Loew's and RKO for Rehearing Granted and Judgment Affirmed.

March 5, 1954.

William P. Fonville, Irving L. Goldberg, Dallas, Tex., Robert L. Wright, Washington, D. C., for appellant. Goldberg, Fonville, Gump & Strauss, Dallas, Tex., of counsel.

Roy W. McDonald, New York City, Jos. Irion Worsham, George S. Wright, Dallas, Tex., Robert E. Sher, Washington, D. C., Richard L. Jones, Dallas, Tex., for distributor-appellees. Donovan, Leisure, Newton & Irvine, New York City, of counsel.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment, entered upon an instructed verdict for the defendants, dismissing an action charging violations of the anti-trust laws. It is the third time that this case in one phase or another has been before the federal courts; it appeared first in Interstate Circuit, Inc., Tivoli Realty Co., D. C., 75 F.Supp. 93, wherein an injunction was granted against the prosecution of the suit in Delaware, which was reversed in Tivoli Realty, Inc., v. Interstate Circuit, Inc., 5 Cir., 167 F.2d 155. Thereafter, the defendants moved the Delaware court to transfer the case to Texas and, the judge refusing to do so, the defendants filed a mandamus proceeding in the Court of Appeals for the Third Circuit, which resulted in its transfer. Paramount Pictures v. Rodney, 186 F.2d 111.

The trial in Texas before the court and a jury having terminated in a judgment for the defendants, the appellant is here assigning a number of errors, the first of which assails the instructed verdict and claims that there was sufficient substantial evidence to warrant submission of the issues to the jury. The verdict was instructed on the ground that there was no such evidence. The ground upon which the court acted in directing the verdict was first disclosed in its statement to the jury, in granting the motion, that there was no proof whatever of a conspiracy, no proof of collateral facts pointing conclusively to such conspiracy, and that "every one charged with that has denied it under oath here."

We think that the evidence before the jury, plus the evidence that was offered by plaintiff and erroneously excluded by the court below, was amply sufficient as to some of the defendants to warrant submission to the jury of the controverted issues of fact presented by the pleadings. This is a blended legal and equitable action, but equitable relief may well depend upon the findings of fact by

the jury; at least there was no abuse of discretion on the part of the court in denying equitable relief after the instructed verdict had established the fact for the time being that there was no proof whatever of a conspiracy. If on another trial the conspiracy should be established, the prayer for equitable relief should be reconsidered.

The principal questions presented by this appeal are whether the court committed prejudicial errors in excluding the Paramount judgments entered Dec. 31, 1946, and Feb. 8, 1950, and in unduly restricting the appellant in its cross-examination of the witnesses for the defense. We think that it did. The excluded judgments were entered in United States v. Paramount Pictures, D.C., 66 F.Supp. 323; Id., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260; Id., D.C., 85 F.Supp. 881. The first judgment pursuant to that decision was entered on Dec. 31, 1946, and the supporting findings are reported in 70 F.Supp. 53. It was found and adjudged that the eight distributor defendants, which were the same as the eight distributor defendants named in this suit, had engaged in a nationwide conspiracy to establish uniform systems of runs, clearances, and admission prices, in the principal cities of the United States in order to protect their first run licensees from competition in these areas. Conclusions of Law 8(a), 8(c), 70 F.Supp. 53, 72. The court also concluded that these distributors had discriminated in favor of theatre circuits, affiliated with one or more of them, in granting various license privileges. Conclusions of Law 8(d), 70 F.Supp. 53, 72. For further findings and holdings in this case, see 334 U.S. 131 et seq., 68 S.Ct. 915, 92 L.Ed. 1260 and 85 F.Supp. 881, 893–896.

■ The admission in evidence of the excluded judgments was authorized by Sec. 5 of the Clayton Act, 38 Stat. 731, 15 U.S.C.A. § 16. The suit in which the excluded judgments were entered was brought under Sec. 4 of the Sherman Act, 26 Stat. 209, 15 U.S.C.A. § 4. Upon the authority of said section 5 and Emich Motors Corp. v. General Motors

Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L. Ed. 534, we conclude that the excluded judgments should have been admitted and the jury fully instructed as to the issues therein determined. Also the scope and effect of these judgments on the issues presented should have been explained to the jury by the court. Emich Motors Corp. v. General Motors Corp., supra. See also Theatre Enterprises, Inc., v. Paramount Film Distributing Corp., 4 Cir., 201 F.2d 306; Don George, Inc. v. Paramount Pictures, D.C., 111 F.Supp. 458.

■ Evidence was also offered by appellant, which should have been admitted, to rebut the defendants' claims that sound business judgment required the selection of a single theatre to play all of their films first in a given competitive area. The ground of the exclusion was that the defendants' practices in licensing Interstate's Houston theatres had "nothing to do with Dallas people," although the illegal acts in Houston were alleged to be an integral part of a nationwide conspiracy.

■ The trial court also arbitrarily restricted the cross-examination of witnesses for the appellees. An illustration of this practice occurred when plaintiff's counsel was examining Andrew Smith and the following colloquy occurred:

"Q. Regardless of who was entitled to what, you were in business selling your pictures for money, weren't you? A. Yes, sir.

"Q. Now, is there any reason at all, when somebody comes to you and wants to pay you money for your pictures on a particular availability, that you are selling to someone else, that you could not sit down and discuss with him what he is willing to pay for it?

"The Court: He doesn't have to answer that question. You have a right to sell your property to who you please, and I shall instruct the jury that, and I am now telling you gentlemen that.

"Mr. Robert Wright: All I am trying to discover—

"The Court: No, I am ruling now, I am not arguing with you. I am telling you.

"Mr. Robert Wright: Your Honor, you know when—

"The Court: You have charged here, Counsel, if I may call your attention to it once more, you have charged here that there is a conspiracy to do this. He says he didn't have any agreement with anybody else. And they are going to put them all on. Then you are going to talk to the jury and try to convince them there was a conspiracy. You have a right to do that.

"Mr. Robert Wright: I have the right to test the credibility of his statement, going into any sound business reasons he had, if any—

"The Court: You don't have a right to argue with him. Is there anything else?" (R. 438–39.)

The question was not answered, although no objection had been made by counsel. It is unnecessary to relate other instances in the record where the examination or cross-examination of witnesses was unduly restricted by the court of its own motion. Except as to the estoppel created by the Paramount judgments, the gist of appellant's case as to liability depends upon circumstantial evidence, which requires that much latitude be given the party offering such evidence.

The judgment appealed from is affirmed as to the exhibitor defendants, Interstate Circuit, Inc., and Texas Consolidated Theatres, Inc. It is reversed and the cause remanded for further proceedings not inconsistent with this opinion as to the eight distributor defendants. The costs of this appeal are to be taxed against said distributor defendants, one-eighth each.

Affirmed in part and reversed in part.

On Petitions for Rehearing of
Loew's and RKO

PER CURIAM.

The above petitions for rehearing are granted and the judgment in favor of each of the movants is affirmed.