Abraham Gellihoff, J.
This is a motion to set aside the purported service of the summons and complaint on defendant, B. S. F. Company. The defendant is a Delaware corporation and has never been issued a certificate of authority to do business in this State. It is not an operating company in the sense that it does not manufacture or handle any products, or render services in this State. Its sole function is as a holding company with important investments in various corporations. Although its chief officers have offices in New York City, the principal office of defendant is in Wilmington, Delaware, where it maintains its books and records and keeps its securities, which are its stock in trade. Its board of directors meets regularly at the offices of its general counsel in Philadelphia, Pennsylvania, where all decisions are made as to operations. -
Notwithstanding the foregoing, the defendant corporation performs acts within this State in execution of its business of making investments and in furtherance of its purpose to acquire control over the management and operations of other corporations. At least one of these corporations — New York Factors, Inc.— is a wholly owned subsidiary, doing business in this State. The defendant has regularly and systematically guaranteed short-term loans and other notes of this subsidiary, here, in this State. Its financial statements have been consolidated with those of this subsidiary, and it maintains an office for its president and secretary in conjunction with the office of the subsidiary.
Defendant has represented to regulatory agencies and to the American Stock Exchange that it maintains offices in New York City. Reports and notifications — constituting a substantial part of defendant’s business of “ holding ” — emanate from the New York office of its principal officers and executives. Four of defendant’s six officers, including its three top executives, as well as a majority of its board of directors, are residents of New York State. The answering affidavits lead to the conclusion that conferences, discussions, and decisions concerning defendant’s business take place in this State and that acts in implementation and execution of such decisions are performed within this State.
In order to carry out its investment activities, defendant has had to borrow money from various banks and brokerage firms in New York City, continuously from at least 1958. Substantial portions of its investments, having been pledged as collateral with such lenders, have therefore been situated in New York.
The foregoing are illustrative of the many acts, detailed in the answering affidavits and exhibits which, taken as a whole, point, to the reasonable conclusion that defendant is not a passive holding company whose business it is merely to collect income *601 from, investments in operating companies, but that the very essence of defendant’s existence as a holding company has required the performance by it within this State — among otlmr States, of course - -• of acts in furtherance of its business.
Defendant’s primary purpose has been, and is now, to control and operate various industries, either by itself or through subsidiaries. The answering affidavits and exhibits establish that defendant corporation, through its officers and designees, are in active charge of the operations of at least one subsidiary, and that acts necessary to be in such active charge are performed in New York City and its vicinity (see Matter of B. S. F. Co., 37 S. E. C. 401 [1956]).
The question involved on this motion is not whether defendant’s activities require it to register as a foreign corporation qualified to do business within this State, but whether the portion of business which it does conduct within this State is substantial. Notwithstanding all the technical, formal indicia establishing that defendant corporation is based in Delaware, the acts performed by it within this State — albeit not a major part of its over-all activities — are nevertheless substantial and sufficient to render it amenable to the service of process in this State. Accordingly, the motion is in all respects denied, with leave to defendant to serve its answer within 20 days after service of a copy of this order with notice of entry thereof.