**BUCKHEAD THEATRE COMPANY and Garden Hills Theatre Company, Appellants,**

v.

**ATLANTA ENTERPRISES, INC., et al., Appellees.**

No. 20019.

United States Court of Appeals
Fifth Circuit.

Jan. 21, 1964.

Rehearing Denied April 30, 1964.

W. Bradley Ryan, Boston, Mass., Swift Tyler, John C. Tyler, Tyler, Burns & Tyler, Atlanta, Ga., Barry R. McDonough, Ryan & Ryan, Boston, Mass., for appellants.

W. Colquitt Carter, Henry M. Quillian, Jr., Robert S. Sams, Tench C. Coxe,

Troutman, Sams, Schroder & Lockerman, Bryan, Carter, Ansley & Smith, Atlanta, Ga., for appellees.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

TUTTLE, Chief Judge.

The appeals in these two anti-trust suits, consolidated for trial and appeal, present the question whether the trial court erred in excluding the decrees, findings of fact and conclusions of law in United States v. Paramount Pictures, Inc., from the evidence submitted to the jury during the trial. They then raise the subsidiary question whether such exclusion, if error, requires a reversal and new trial as to count one of the complaint.

The complaints below were substantially identical and will be dealt with in this opinion as if they were one suit. Each complaint was in three counts. Count one alleged a national conspiracy on the part of the named distributors of motion picture films, and certain local corporations of the Atlanta distributing area connected with operating theatres in that area, charging various acts that were alleged to restrain and monopolize interstate trade and commerce in motion picture films. Count two alleged substantially the same conspiracy except that it was alleged to be a conspiracy different from and separate from the national conspiracy, and alleged to exist only within the Atlanta area. Count three was directed only at the defendant exhibitors, thus containing no claim against the motion picture distributors. Both complaints were filed in January, 1956. The periods for which damages were recoverable, as alleged in the complaint, commenced January 5, 1952, and ended June 30, 1961.

The defendants denied all of the allegations of conspiracy, and, of course, denied being liable in any damages to the plaintiffs.

When the case came on for pre-trial hearing, it became apparent that one of the important issues on the trial would be whether the final judgment or decree in United States v. Paramount Pictures, Inc., 66 F.Supp. 323 (S.D.N.Y.1946), aff'd in part and rev'd in part, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260 (1948), opinion on remand, 85 F.Supp. 881 (S. D.N.Y.1949), hereinafter referred to as "the Paramount decrees," would be admissible in evidence on the trial of this case. The plaintiffs below, the appellants here, contended that the final judgment or decree was admissible by virtue of Section 5 of the Clayton Act (15 U. S.C.A. § 16(a)), which provides:

"A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated certain laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, This section shall not apply to consent judgments or decrees entered before any testimony has been taken * * *."

The defendants, the appellees here, contended that under the principles of estoppel by judgment, such judgment or decree should not be admissible in view of the passage of time which, as they contended, would make irrelevant any determination as to the existence of a conspiracy in 1945 to a complaint alleging a conspiracy beginning in 1952.

The trial court dealt with the matter on pre-trial by including the following paragraph in the pre-trial order:

"Upon the introduction of evidence from which the jury could find that the national conspiracy, as alleged in Count One of the complaint, existed in the Atlanta area during the period there involved and that the practices complained of here and which were condemned in the Paramount decree were continued to and

were practiced by the defendants during the damage period here involved and that these illegal practices had an injurious effect upon plaintiff, his business or property then, and in that event, the plaintiff will be permitted to introduce into evidence the final decrees in the 'Paramount Case' under the provisions of § 5 of the Clayton Act, 15 U.S.C.A., § 16."

On the trial on the merits, appellants offered evidence which they contended tended to show the existence of the conspiracy alleged on a national scale under Count one, a separate conspiracy engaged in locally under Count two, and a limited conspiracy by the local exhibitor-defendants under Count three. Thereupon the plaintiffs offered in evidence the decrees, findings of fact and conclusions of law in the Paramount case. The defendants objected and the court sustained the objections and excluded the Paramount record. Upon motion the court directed a verdict at the close of plaintiffs' evidence as to Count one, the court stating, "I think it follows the court's ruling with respect to the Paramount decree, that the first Count of the complaint would have to go out."

This ruling, of course, was based on the determination by the trial court that absent the Paramount decree, there was no evidence to go to the jury that would warrant a finding by it of the existence of a national conspiracy. Counts two and three were submitted to the jury, which found for the defendants on both of the counts. Thereupon judgment was entered by the court for the defendants in each action.

The appeal raises the single issue: the exclusion of the record in the Paramount case. Since the appeal did not attack the judgment with respect to those counts submitted to the jury, and since the defendants below who were not parties to the Paramount decree could not, in any event, be bound or be estopped by it, it is plain, to begin with, that the judgment must be affirmed as to Atlanta Enterprises, Inc., Wilby-Kincey Service Corporation and Evans Amusement Corporation. This follows because appellants do not contend that there was sufficient evidence, without the Paramount decree being in evidence, to submit the issues of Count one to the jury.

We next come to a consideration of the trial court's treatment of the Paramount decree. If it were not for the provisions of Section 5, quoted above, there could be no conceivable basis on which the Paramount record would be admissible in the trial of the present lawsuit. Buckeye Powder Co. v. E. S. DuPont Powder Co., 248 U.S. 55, 39 S.Ct. 38, 63 L.Ed. 123. The Supreme Court has held in Emich Motors v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534, that the use which may be made under Section 5 of the prior adjudication is "to be determined by reference to the general doctrine of estoppel." This much, in fact, is made clear from the face of the statute itself. The Supreme Court further held in the Emich case that "estoppel extends only to questions 'distinctly put in issue and directly determined'" in the prior proceeding. 340 U.S. 558, 568, 569, 71 S.Ct. 408, 413, 414, 95 L.Ed. 534.

Section 5 could be of great value to a private litigant who, conceiving that he had been hurt by the very conspiracy which the court found to exist in 1945, wished to sue the same defendant distributors for damages which he conceives he was entitled to by reason of that conspiracy. He would be able to succeed in such a suit without independently proving the existence of the national conspiracy which had thus been found to exist. This, undoubtedly, was the reason for the enactment of this provision by the Congress. Where, however, the plaintiff in a suit who does not complain of the very conspiracy which the court has already found to exist, seeks to recover damages for a similar or like conspiracy occurring at a subsequent date, his right to rely on the decree as prima facie proof of anything in his subsequent litigation rests on much more tenuous grounds. The decree may be admissible

only if the establishment of what it decreed or found to exist in 1945 is relevant to the subsequent litigation.

The question is, therefore, is the existence of a conspiracy touching on the method of doing business of the defendant distributors in 1945 relevant to a decision of the issues alleged in the subsequent lawsuit? Ordinarily, of course, the existence in 1945 of a conspiracy is not relevant to an inquiry whether such a conspiracy also exists in 1951. It is the fact of the 1951 conspiracy on which the plaintiffs here must depend if their cause of action is to be sustained.

As a preliminary to considering the legal question here involved, it may be appropriate to comment on the fact that the entire attention of the parties here in the present litigation is directed to what is alleged to amount to an illegal agreement by the distributors and the local exhibitor-defendants to deprive the plaintiffs and others of an opportunity to compete fairly for the product by the maintenance of arbitrary and unreasonable agreed-upon clearances, or other devices restricting the profitable showing of the product of the distributors to those favored few exhibitors alleged to be participants in the conspiracy. The problem of clearances and runs was only one of a number of industrywide practices found to be violative of the anti-trust laws in the Paramount case. The court there dealt with allegations and proof that the parties it found to have engaged in the conspiracy had engaged in illegal price fixing, illegal clearance and run practices, illegal formula deals, master agreements and franchises, the illegal practice of requiring block booking and blind selling, illegal pooling agreements, illegal discrimination among licensee as between affiliated and unaffiliated large circuits of exhibitors, and an undue concentration of power over exhibitors through the ownership by the distributors of large chains of theatres.

It is clear that the trial court there, and the Supreme Court, determined that the illegal method of fixing clearances and runs did constitute a violation of the anti-trust statutes. It is also a fact that there was a multiple conspiracy charged and proved in that case as to many factors that are admittedly not now present, even under the contentions of the plaintiffs below in the present litigation. This is a circumstance that must be taken into consideration by any court if it is to have any discretion as to the admission of evidence, which, while having some probative value, may also have extremely prejudicial effect by reason of non-relevant matters that would inevitably be presented to the jury if the evidence were to be admitted.

The language of the Court of Appeals for the Second Circuit in Monticello Tobacco Co. v. American Tobacco Company, 2 Cir., 197 F.2d 629, at 632, demonstrates the dangers of permitting in evidence proof having very slight relevance to the case on trial, but having a great potential to create prejudice. Discussing Section 5 of the Clayton Act the Court says that this statute does not authorize the introduction of a prior government decree "merely for its aura of guilt or 'to imply new wrongdoing from past wrongdoing'."

Further the Court spoke of the care required on the part of the trial court in exercising discretion in making a decision with respect to this matter. "* * * A discretion to be carefully exercised in regard to evidence of such slight probative value, but potentially high emotive impact on a jury of laymen."

However, we conclude that the sounder basis for approval of the trial court's order is that in the record before it the decrees were simply irrelevant to the issues to be tried. We think the trial court set the proper rule in its order on pre-trial. That is, if the appellants had introduced evidence from which the jury could have found the existence of the national conspiracy—that is the conspiracy alleged in Count one, and that these defendants extended this conspiracy to the Atlanta area during the period involved, and that the practices.

complained of here and which were condemned in the Paramount decree were continued to and were practiced by the defendants during the damage period here involved, and that these illegal practices had an injurious effect upon the plaintiff, then the court should have admitted such part of the final decrees in the Paramount case as would be appropriate under the doctrine of estoppel by judgment; otherwise the court should not admit the evidence.

We think there is nothing in our earlier case of Tivoli Realty Co. v. Paramount Pictures, 5 Cir., 209 F.2d 41, that requires a different result: We find no decision by the Supreme Court that suggests that the prior decrees may be introduced for the purpose of establishing in and of themselves the existence of a conspiracy at a later date. Appellants point to Theatre Enterprises v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273, as a case that stands for the proposition that the mere fact that the conspiracy sued for covers a different period from that of the Paramount decrees does not deprive the decree of all probative value. The conspiracy sued on in Theatre Enterprises was alleged to have started in February, 1949, whereas the Paramount case involved a conspiracy found to exist as of 1945. The Supreme Court there said:

> "Indeed, the relevancy of Paramount to the instant case is slight."

The Court then disposed of the argument of the appellees in that case that the plaintiff was entitled to no benefit at all from the earlier decrees. The Court said:

> "We need not pass on respondents' contention that petitioner was entitled to no benefit at all from the earlier decrees. We merely hold that petitioner was entitled to no greater benefit than the trial judge gave it."

When we consider that the conspiracy here declared upon commenced three years later than that before the Supreme Court in Theatre Enterprises, and in view of the absence of any other evidence to support the claims in Count one, we conclude that whatever relevance there may have been in Theatre Enterprises would have vanished completely by the time of, and under the circumstances of, the filing of the instant suits.

It is not necessary for us to consider the last argument by appellees in support of the trial court's dismissal of Count one. This argument is that the very acts which appellants here contend proved the existence of a national conspiracy if linked to the Paramount decrees have been expressly rejected by the jury in its findings for the defendant on Counts two and three. We are not convinced that the jury's findings on separate counts need be completely consistent. We simply hold, however, that there being no evidence of a national conspiracy, proof of the Paramount decrees would be irrelevant to any issue pending before the trial court.

The court was, therefore, warranted in excluding these decrees from consideration by the jury.

The judgments are affirmed.

JOHN R. BROWN, Circuit Judge (concurring):

I concur in the Court's opinion and the decision. But I would add this by way of emphasis.

As the opinion points out, the proof of the existence of the conspiracy in 1952–1961 depended here entirely on the 1945 conspiracy. Without the Paramount decree, the conspiracy was not established, and hence that portion of the Paramount decree was clearly irrelevant and not admissible.

But as the opinion points out, the task of the trial Judge may be a delicate one in selecting (or excising) portions of a decree as admissible or not admissible under § 5. The Trial Court's pretrial order which we effectually approve required the prior establishment of all elements. I am not sure that on applicable principles of collateral estoppel

this is required. Assuming that there is evidence outside of the decree to show the continuation of some of the same acts as were condemned in the decree, I think such portions of the decree would be admissible if otherwise pertinent to show such fact, and the further legal-fact that such action had been determined to be a violation of the anti-trust statutes. Similarly, if there were other evidence available to show continuation of a conspiracy, I would have much doubt that it would be necessary, as the pretrial order required, to prove that damage was sustained thereby.

What I think warrants emphasis is that it is not a case of all or nothing. There may well be circumstances in which the decree would not be admissible (as here) to prove the element of conspiracy, but at the same time other portions would be admissible to establish other pertinent elements if connected up.