**Julius SILVER, on behalf of himself and all other stockholders of Canadianwide Properties, Limited (formerly Thorncliffe Park Limited), Plaintiffs,**

v.

**COUNTRYWIDE REALTY, INC. (formerly The Kratter Corporation), National Equities, Inc., Marvin Kratter, Clarence H. Adams, Seymour M. Goldsmith, Jacob Jacobson, Charles Korman, Erwin Millimet, Kenneth M. Smith, James M. Tory and Canadianwide Properties Limited (formerly Thorncliffe Park Limited), Defendants.**

United States District Court
S. D. New York.
Feb. 25, 1966.

Silver, Saperstein, Barnett & Solomon, New York City, for plaintiff.

Royall, Koegel & Rogers, New York City, for defendants National Equities, Inc., Clarence H. Adams, Canadianwide Properties Limited and Marvin Kratter.

BONSAL, District Judge.

Defendants National Equities, Inc. (National), Clarence H. Adams and Canadianwide Properties Limited (Canadianwide) move pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure for an order dismissing the complaint on the ground of *forum non conveniens.*

Plaintiff Julius Silver, a citizen of Connecticut, as holder of 8,000 shares of Canadianwide, instituted this diversity action on behalf of himself and all other stockholders of said company similarly situated, for the benefit of Canadianwide, charging the defendants with waste of corporate assets. In particular, plaintiff charges that in 1963 defendants caused Canadianwide to issue 1,000,000 shares of its common stock to Thorncrat Limited, then a wholly-owned subsidiary of

defendant Countrywide Realty, Inc.[1] (Countrywide), for a grossly inadequate consideration. Plaintiff alleges that at the time, Countrywide and Canadianwide were both dominated by the defendant Marvin Kratter and that the sale was made pursuant to a conspiracy among the defendants to enrich defendants Countrywide, National and Kratter at the expense of Canadianwide and its minority stockholders.[2] Plaintiff seeks judgment on behalf of Canadianwide from the defendants in the amount by which the fair value of the 1,000,000 shares issued by Canadianwide exceeded the consideration paid therefor, and for losses and damages alleged to have been sustained by Canadianwide by reason of the sale.

In urging *forum non conveniens,* defendants state that Canadianwide is a Canadian corporation having its principal office in Toronto, which does no business in New York; that its books and records are in Canada; that most of the material witnesses live in Canada; and that this action is based largely on Canadian law. Plaintiff, on the other hand, asserts that the suit is for Canadianwide's benefit and that Canadianwide is only one of eleven defendants; that defendants Countrywide and National are corporations having their principal places of business in New York; that defendants Kratter and Adams reside in New York; and that none of these defendants are amenable to service of process in Canada. Plaintiff's affidavits show that while eight of the eleven named defendants can be served in New York, only three can be served in Canada. Defendants Kratter, Adams and Jacobson have submitted affidavits stating that if this motion is held in abeyance, they will submit to service of process in Canada and endeavor to cause all other defendants to do the same.

■■■ The action will not be dismissed on the ground of *forum non conveniens.* The doctrine applies only if there is another forum in which the plaintiff could have brought the action. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055 (1947); Tivoli Realty, Inc. v. Interstate Circuit, Inc., 167 F.2d 155 (5th Cir. 1948), cert. denied, 334 U.S. 837, 68 S.Ct. 1494, 92 L. Ed. 1762 (1948). Here, the only suggested alternative forum is Canada, and that forum was not open to the plaintiff because eight of the eleven named defendants could not be served with process there. It is immaterial that certain defendants are willing to submit to the jurisdiction of the Canadian courts. The test is whether plaintiff could have brought the action in Canada in the first instance. Tivoli Realty, Inc. v. Interstate Circuit, Inc., supra; Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Glicken v. Bradford, 204 F.Supp. 300 (S.D.N.Y.1962).[3] It is clear that plaintiff could not have done so. Thus, dismissal on the ground of *forum non conveniens* cannot be sustained.

■■■ In their reply memorandum served on plaintiff the night before argument, defendants raised for the first time as an additional ground, that the action should be dismissed because this court lacks *in personam* jurisdiction over Canadianwide. It is urged that Canadianwide's contacts with New York are insufficient to find that it is doing business in New York.

---

1. Formerly, The Kratter Corporation.

2. In March, 1965, Countrywide allegedly transferred all the capital stock of Thorncrat to National. National is also allegedly dominated and controlled by Kratter.

3. Hoffman and Glicken were decided under 28 U.S.C. § 1404(a), which is a codification of the doctrine of *forum non conveniens* in cases where there is an alternative federal forum available to the plaintiff. These cases are equally applicable where, as here, dismissal is sought under the doctrine of *forum non conveniens* rather than transfer under §. 1404(a).

The assertion of this new ground is not timely, and defendants by moving to dismiss on the ground of *forum non conveniens* waived their right to challenge jurisdiction of the court over Canadianwide. Rule 12(g) of the Federal Rules of Civil Procedure requires that certain defenses, including venue and jurisdiction over the person, if raised by motion, must be joined together in the motion; Rule 12(h) provides that such defenses as are not joined are waived. It is true that no waiver will result where the new ground is raised shortly after the Notice of Motion and well before the hearing. See Martin v. Lain Oil & Gas Co., 36 F. Supp. 252 (E.D.Ill.1941). Here, however, the new ground, which was not in the Notice of Motion, was asserted on the eve of argument, giving plaintiff insufficient opportunity to meet it.

In any event, this court has jurisdiction over Canadianwide. In a diversity action, *in personam* jurisdiction over a foreign corporation must be determined under the law of the state where the federal court is located. Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963). Under the New York law, a foreign corporation can be sued in New York if it is doing business within the state. New York C.P. L.R. § 301; Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915 (1917).

Plaintiff's affidavits state sufficient facts to show that Canadianwide is doing business in New York under New York law. Canadianwide was served by the deputy marshal on December 23, 1965, in Room 5320 of the Pan American Building, by leaving a copy of the summons and complaint with defendant Adams, its Vice-President and Treasurer. According to the affidavit of plaintiff's attorney, Canadianwide was listed on the directory of the Pan American Building in the same offices with defendants Countrywide and National and defendants Kratter, Adams and Goldsmith. It also appears that subsequent to the service, the name of Countrywide was removed from the directory in the lobby but remained in the building's "blue book" of tenants. It is alleged that since 1960, the management of Canadianwide's business has been in the hands of Countrywide and National successively, both of which have their principal places of business in New York. Kratter is said to dominate all three corporations, he and Adams are their chief executive officers, and both men along with a majority of the board of directors and executive committee of Canadianwide reside and have their offices in New York.

On these uncontradicted facts, the affairs of Canadianwide are in large part directed and managed from New York, so that it is doing business and amenable to suit in New York. Pomeroy v. Hocking Valley Ry., 218 N.Y. 530, 113 N.E. 504 (1916); Elish v. St. Louis Southwestern Ry., 305 N.Y. 267, 112 N.E.2d 842 (1953); Sher v. Tilles, 5 A.D.2d 678, 168 N.Y.S.2d 361 (1957); Ackert v. Ausman, 29 Misc.2d 962, 218 N.Y.S.2d 822 (1961), aff'd, 20 A.D.2d 850, 247 N.Y.S.2d 999 (1964); Shapiro v. Huntington, 34 Misc.2d 599, 226 N.Y.S.2d 319 (1962).

Defendants' motion to dismiss is denied.

It is so ordered.